THOMAS, Justice.
Morris Lieber filed with Florida Industrial Commission a claim for injury suffered by him arising from an accident which occurred 31 March 1961. Compensability was contested throughout by the petitioner. The matter went to final hearing before the deputy commissioner who entered an order, 11 September 1961, adjudging the injury compensable and fixing the payments of compensation-to be made.
*897 Application for review by the Full Commission was then filed and on 21 September 1961 the deputy in compliance with Commission Rule No. 6(b) notified the attorney for the petitioner by certified mail that the cost of the transcript would approach $65.40. The petitioner did not deposit this amount within 20 days which failure was certified to the Full Commission 16 October 1961.
The check to cover the cost in the amount we have mentioned was mailed to the deputy commissioner 18 October 1961. This payment was due 20 days after the notification by the deputy commissioner to the petitioner or its attorney which we compute to have expired 11 October 1961.
Before proceeding further we think it would be appropriate to quote the rule:
“Within ten days after the filing of the application for review, the Deputy Commissioner shall notify the appellant or his attorney of the amount of cost required for the preparation of the transcript of the evidence adduced at the hearing and necessary copies thereof, and the appellant shall, within twenty days thereafter, deposit with the Deputy Commissioner or the official reporter the sum so required. Upon failure of the appellant to make the ■deposit required by the Deputy Commissioner, the Deputy Commissioner shall certify such fact promptly to the full Commission and the application for review shall thereupon stand dismissed by appropriate order(Italics supplied.)
Inasmuch as the deposit was too late, a motion to dismiss was made by respondents. Before the motion was determined, the deputy commissioner granted the request of the petitioner to extend the time for preparation of the transcript reciting that the motion to dismiss had been filed and specifying that the order of extension was being granted subject to the ruling of the Commission.
The Commission heard the argument devoted to the motion and granted it.
Pending a decision of this court on the propriety of the order of dismissal, the time for filing the transcript was again extended, this time by the Full Commission.
We are now confronted with the sole question whether or not the Full Commission acted within its power by dismissing the cause for failure to comply with the rule. Of course, we are not presently concerned with the merits of the case.
As the question for our determination is posed by the petitioner, it consists of two aspects. We are asked, first, whether or not the deposit of the estimated cost of a transcript is a jurisdictional requirement and, second, whether or not the Commission abused its discretion and exceeded its statutory authority “in dismissing an application for review without any consideration of the merits of same.”
In support of the first factor the petitioner sends us to Sec. 440.25 (4) (a) of the Florida Workmen’s Compensation Law outlining the procedure to be followed in respect of claims and particularly those parts of it dealing with jurisdictional features. But we think there is no need to pursue the matter or to undertake an analysis of the act in this regard because the time for making the deposit of costs is not regulated there and we are convinced is not a jurisdictional prerequisite.
The immediate question, contends the petitioner, is the authority of the Full Commission to promulgate' and enforce rules regulating the presentation and disposition of claims which it has the jurisdiction to entertain. It is insisted that although paragraph (a) of the Rule does not offend Sec. 440.25, supra, paragraph (b) does derogate it. We are unable to accept the view that such is the case on the theory that the provision of the act allowing 45 days from the filing of the application within which the transcript must be filed conflicts in some way with the provisions of the rule when the latter relates only to the *898 notification with reference to the costs and the payment of them. True, the rule provides for the dismissal of the appeal if security is not forthcoming but we do not find in such a requirement a conflict with the provision of the act for dismissal if the transcript is not lodged with the Commission within the specified period.
We do not construe the requirement of the rule as a jurisdictional prerequisite but simply a condition of the process by which the command of the statute may be met and the case ultimately determined with dispatch, thoroughness and accuracy.
We cannot embrace the idea that only in matters of jurisdiction may a reviewing body such as the Full Commission dismiss a case. It seems to us that it is necessary to orderly procedure that the Full Commission adopt rules like the one here in question and that that body is well within its province when it imposes a penalty of dismissal upon a litigant who fails to observe them, regardless of the fact that jurisdiction to entertain and determine the cause has attached.
The thought that once jurisdiction is fastened on a case the matter may not take any other course but a decision on the merits despite neglect of the rules adopted by the Commission, whether intentional or inadvertent, would not secure to the Commission the power it should possess to control the procedure in the interest of expedition, accuracy and economy of time and money.
We find that the Rule is a reasonable one authorized by Secs. 440.29(2) and 440.33(1) of the Workmen’s Compensation Law, and, being reasonable, that the Full Commission acted well within the scope of its authority when the application for review was dismissed for failure to comply with it.
The petition for certiorari is denied.
ROBERTS, C. J„ and TERRELL, O’CONNELL and CALDWELL, JJ., concur.