DREW, Chief Justice.
The petitioner, claimant Morris Lieber, seeks review by certiorari of an order of the Commission remanding this cause, pursuant to F.S. Section 440.33(1), F.S.A., for hearing de novo before the deputy commissioner upon the claim for compensation. In an earlier appearance of the claim in this Court preliminary issues were determined, independent of those involved in the current claim filed April 2, 1963, General Accident Group v. Morris Lieber et al., Fla.1962, 146 So.2d 896. We find that oral argument is not essential to the disposition of this petition and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 31 F.S.A.
The respondent employer filed timely application for review of the award for permanent partial disability compensation herein, and subsequently learned that it would be impossible to obtain a transcript of testimony because of the disappearance of the reporter, illegibility of his notes, and lack of other record of the proceedings. Motion for hearing de novo was thereupon filed.
This motion was, in our opinion, very properly granted in conformity with the affirmative requirements of the compensation law, F.S. Sections 440.29(2), 440.02(8) and 440.25, F.S.A., that-testimony shall be reported and orders reviewed upon a transcript. We believe, however, that a de novo hearing upon the claim necessarily encompasses a quashal of the award previously made and the entry of an order anew by the deputy based solely upon such evidence as may now be proffered. That portion of the Commission’s order extending time for filing transcript, if intended to preserve its *314 jurisdiction under the application to review the original order, would therefore appear to be inapposite.
The order of the Commission should otherwise be affirmed and the cause remanded for further proceedings to be conducted, in view of the protracted time already elapsed since the initiation of these proceedings in 1961, with all possible expedition.
It is so ordered.
THOMAS, ROBERTS, THORNAL and O’CONNELL, JJ., concur.