PER CURIAM:
The parties stipulated that claimant should have until February 22, 1969, to file his verified petition to be relieved of the costs of preparation of the transcript. This was beyond the twenty-day period fixed by Rule 6(c), Rules of Procedure in Workmen’s Compensation Cases. Such petition was filed but a copy was not served on opposing counsel as the rule provides. . The Judge of Industrial Claims held that, the rule not having been complied with, he had no alternative except to dismiss the petition. He held that “the time for filing the verified petition is mandatory.” On review of this order the Full Commission held:
“Rule No. 6 states, in part, the following:
‘(c) The appellant may be relieved of making a deposit and paying all or a part of the cost for the preparation of the transcript of the evidence * * * provided within twenty days after delivery of notice by the judge of industrial claims as to the amount of the deposit so required for the preparation of the transcript and copies he makes and files with the judge of industrial claims a verified petition attesting that he is utterly unable to pay the cost thereof, * * * a true copy of such petition and certificate upon the opposing parties or their counsel at or before the time of filing thereof. * * * ’ (Emphasis supplied.)
“Even if the judge of industrial claims could extend time, which he cannot, the record reflects that claimant did file a verified petition on February 21, 1969, but failed to file a copy on opposing counsel on or before said date pursuant to Rule No. 6(c), supra.
“In the case of East v. City of Fort Lauderdale, 4 FCR 338 (1961), which we *645 hold is in point, the full Commission stated in interpreting Rule No. 6(c):
‘It has been held by the Commission under Rule 6(c) of the Commission’s Rules which requires an applicant on review to file a verified petition attesting to his financial inability to bear the cost of preparing the transcript of notice by the deputy commissioner, is mandatory, and the deputy has no power or authority to extend the period of time for filing the verified petition. Mosley v. Chase and Company, Feb. 1956, 1 FCR 331. Also see Cox v. Consumer’s Manor Market, Inc., Sept. 1956, 2 FCR 158, holding the provisions of Rule 6 to be mandatory * * *.’
“Accordingly, the Order of the judge of industrial claims must be affirmed.”
Both the Judge of Industrial Claims and the Full Commission erred in holding that this rule was mandatory. This and other rules of the Commission should be observed in the interest of expediting the speedy determination of these administrative proceedings. Such rules, however, are not mandatory. For good cause the Judge of Industrial Claims may, on application of the employer or employee, exercise his judicial discretion in granting or denying such relief. Ordinarily the exercise of such discretion will not be disturbed on review except on a clear showing of an abuse of power or an arbitrary exercise of power.
While in B. F. Todd Electrical Contractors v. Hammond[1] there was an apparent departure from our earlier decision with respect to this question in Black v. Blue Ribbon Laundry,[2] we have in Perez v. Carillon Hotel[3] returned to the law pronounced in Black by overruling that part of Todd which indicated these Commission rules were mandatory. While we were concerned with Rule 3 in Peres, our holding there is applicable to Rule 6(c) as well as the other rules of the Full Commission.
The Order of the Full Commission is quashed with directions to quash the order of the Judge of Industrial Claims and remand the same to said Judge so that he may rule upon the subject application in the light of the principles herein announced.
It is so ordered.
ERVIN, C. J., and DREW, CARLTON, ADKINS and BOYD, JJ., concur.

. 164 So.2d 513 (Fla.1964).

. 161 So.2d 532 (Fla.1964).

.Fla., 231 So.2d 519, Opinion filed January 28, 1970.