McCAIN, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission dismissing claimant’s petition for review there for failure to timely file a brief. Simultaneously, the Commission denied claimant’s motion to quash the order of the Judge of Industrial Claims, and for hearing de novo before the Claims Judge.
A hearing was had before the Judge of Industrial Claims limited to the issue of an interim attorney’s fee for claimant’s attorney. On May 22, 1970, the Judge entered an order denying the requested relief. Timely application for review was filed with the Commission on June 2, 1970. On July 13, 1970, the transcript of the hearing before the Claims Judge was received by the Commission. Two days later appellant’ moved to quash the compensation order and for hearing de novo, alleging that the transcript was incomplete and inadequate to permit intelligent review of the action taken below. No brief on the merits was filed on behalf of appellant. When the time for filing a brief had expired [July 28, 1970], the Commission dismissed the application for review citing several cases approving such action.
It is established that the Industrial Relations Commission has authority to promulgate rules and discretion to dismiss an application for review where the appellant fails to comply with such rules. See General Accident Group v. Lieber, 146 So.2d 896 (Fla.1962). The issue before us here is whether in the circumstances the dismissal constituted an abuse of such discretion.
The instant case bears a striking similarity to the situation in Lieber v. Morris Lieber, Inc., 168 So.2d 313 (Fla.1964). In that case, the employer filed timely application for review with the Commission, and subsequently it was learned that it would be impossible to obtain a transcript of the testimony taken before the Claims Judge because of the disappearance of the reporter, the illegibility of his notes, and lack of other record of the proceedings. The opinion in that case does not indicate whether a brief was filed by appellant with the Commission. But appellant did file a *214 motion for hearing de novo, which was granted by the Commission. On certiorari here, we approved the Commission’s action but said that granting a hearing de novo also required quashing the previous order. Accordingly, speaking through Mr. Justice Drew, we said:
“This motion was, in our opinion, very properly granted in conformity with the affirmative requirements of the compensation law, F.S. Sections 440.29(2), 440.-02(8) and 440.25, F.S.A., that testimony shall be reported and orders reviewed upon a transcript. We believe, however, that a de novo hearing upon the claim necessarily encompasses a quashal of the award previously made and the entry of an order anew by the deputy based sole» ly upon such evidence as may now be proffered. That portion of the Commission’s order extending time for filing transcript, if intended to preserve its jurisdiction under the application to review the original order, would therefore appear to be inapposite.
“The order of the Commission should otherwise be affirmed and the cause remanded for further proceedings. * * ”
Turning to the case sub judice, we observe that the hearing before the Industrial Claims Judge was recorded on tape. As transcribed in the record, this hearing consists of 15 typed pages. In the course of this 15 page transcript there are no less than 87 places at which the tape proved inaudible to the transcriber. An example follows:
“Q. Why (inaudible) the draft that day, November 12, 1969? Was it ready for issuance on your desk when you came to work in the morning, or did something (inaudible) and and issue the draft?
“A. I would have to assume it was because of Dr. Sprenger’s report.
“Q. And that you issued the draft in the (inaudible) course of your routine handling (inaudible).
“A. (inaudible).
“Q. Specifically, do you recall talking to me and going and (inaudible).
“A. (inaudible).
“Q. Do you recall talking to your attorney ?
“A. I don’t believe we had any (inaudible).
“Q. You do not recall that?
“A. No.”
Moreover, at the conclusion of the transcript (which ends in the middle of an inaudible sentence) the reporter made the following note:
“REPORTER’S NOTE: The reverse side of this record is completely inaudible. This disc bears evidence of having been exposed to extreme heat — it is warped and crinkled. And besides, the machine was not recording properly.”
We can only conclude that the affirmative requirement of the compensation law that testimony shall be reported and orders reviewed upon a transcript is not met by this record. We do not think that Lieber can be distinguished on the theory that there the transcript was unobtainable, whereas in the instant case a partial transcript was submitted. A partial transcript as incomplete as that submitted here is of no more value than would be an absent transcript.
Nor are we impressed by claimant’s failure to file a brief. We think rather that in light of the precedent set by Lieber, claimant attempted to invoke a proper and appropriate course of action. Since the record was and is inadequate for review it would indeed have been a useless gesture for claimant to file a brief directed to the merits of his claim. His motion to quash *215 and for hearing de novo should have alerted the Commission at least to make a cursory examination of the record prior to dismissing the application for review. Such a cursory examination would have revealed the total inadequacy of the record. In the circumstances we think the Commission abused its discretion in dismissing the application.
Accordingly, certiorari is granted, the order of the Industrial Relations Commission is quashed, and the cause remanded to the Commission for entry of an order quashing the order of the Judge of Industrial Claims and granting claimant a hearing de novo on the issue of an interim attorney’s fee.
It is so ordered.
ROBERTS, C. J., ERVIN and DEKLE', JJ., and RAWLS, District Court Judge, concur.