ERVIN, Justice.
This cause is before us on petition for writ of certiorari to the Industrial Relations Commission.
Claimant sustained a compensable accident on December 18, 1969. By Order dated July 17, 1970, the Judge of Industrial Claims denied the claim for temporary benefits for the reason that claimant was attending school full time; denied the claim for medical care on the ground that there was a company physician, and found claimant suffered no permanent disability as a result of the accident. Application for review by the Full Commission was filed. Due to some mixup in the office of the attorney handling the claim, the notification on costs was misplaced and not seen and, by the time, counsel for claimant checked with the office of the Judge of Industrial Claims and was able to locate the file, the last day for the filing of the insolvency petition had arrived. On that same day, counsel located his client and prepared the insolvency petition based on information obtained from his client and timely filed the petition. The insolvency petition, however, was executed by the attorney rather than by the claimant.
The Judge of Industrial Claims held a hearing and found from the testimony of claimant as to his financial ability that he was able to pay the costs of the record on appeal and, therefore, ordered that the costs be borne by the claimant.
On appeal, the Full Commission affirmed the denial of claimant’s petition for relief of costs of preparation of the transcript on appeal but did so on the ground that Florida Industrial Commission Rule 6(c)* had not been complied with because the petition for insolvency was not signed by claimant personally. The Commission cited its *831 previous decision in Wright v. Leewood Aeronautical Service, 3 FCR 430, holding that the provisions of Rule 6 are mandatory and that an affidavit signed by claimant’s attorney does not satisfy the requirements of the Rule. One Commissioner dissented, stating that an affidavit executed by claimant’s attorney on behalf of his client based on information conveyed to the attorney was in compliance with Rule 6 (c).
The Commission’s holding is not in accord with our decision in Sweeney v. Pine Island Citrus Groves, Inc., Fla.1970, 234 So.2d 644. In that case this Court considered the twenty-day period fixed by Rule 6(c) and held that for good cause a Judge of Industrial Claims may exercise his discretion in granting or denying an extension of time for filing a verified petition to be relieved of costs of preparation of a transcript. We rejected the Commission’s view that Rule 6 is mandatory and held:
“Both the Judge of Industrial Claims and the Full Commission erred in holding that this rule was mandatory. This and other rules of the Commission should be observed in the interest of expediting the speedy determination of these administrative proceedings. Such rules, however, are not mandatory. For good cause the Judge of Industrial Claims may, on application of the employer or employee, exercise his judicial discretion in granting or denying such relief. Ordinarily the exercise of such discretion will not be disturbed on review, except on a clear showing of an abuse of power or an arbitrary exercise of power.” Sweeney v. Pine Island Citrus Groves, Inc., supra, at 645.
Because of the special circumstances here appearing, the Judge of Industrial Claims did not abuse her discretion in considering claimant’s insolvency petition on the merits even though it was signed by his attorney rather than by the claimant as required by Florida Industrial Commission Rule 6(c). It is clear this deviation from the Rule’s requirements did no harm. The affidavit was not determinative of the issue of insolvency; it merely served as a predicate for a hearing upon claimant’s financial ability to pay costs. The Judge based her conclusions on the claimant’s testimony at two hearings.
That portion of the Industrial Relations Commission’s Order holding the Petition for Insolvency could not be considered by the Judge of Industrial Claims because it was not executed in accordance with Rule 6, therefore, is quashed. We affirm, however, the Full Commission’s Order affirming the Order of the Judge of Industrial Claims. We are in agreement with her conclusion that the claimant was able to pay the costs of his record on appeal.
It is so ordered.
CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.
BOYD, J., concurs in part and dissents in part.
ROBERTS, C. J., dissents and agrees with BOYD, J.

 Rule 6(c) provides in pertinent part as follows:
“The appellant may be relieved of making a deposit and paying all or a part of the cost for the preparation of the transcript of the evidence and copies, required under paragraph (b) of this rule, provided within twenty days after delivery of notice by the judge of industrial claims as to the amount of the deposit so required for the preparation of the transcript and copies he makes and files with the judge a verified petition attesting that he is utterly unable to pay the cost thereof, either in whole or in part, including therein a detailed statement of his assets and liabilities, which petition shall be accompanied by a certifícate by his attorney (or by him if he is not represented by an attorney) certifying that in his opinion there are reasonable grounds for appeal and setting forth the grounds with particularity, together with proof of service of a true copy of such petition and certificate upon the opposing parties or *831 their counsel at or before the time of filing thereof. The judge shall promptly give the parties not less than five days notice of the time and place of the hearing upon the petition, and when practicable such hearing date shall not be more than ten days following date of filing of the petition. Thereupon the judge will hear such evidence as petitioner or any adverse parties may offer and shall determine expeditiously and conclusively whether such petition shall be granted. . . . ”