BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
The respondent, claimant below, sustained a compensable accident in the course of her employment on October 21, 1968. Claim was made for permanent partial disability and/or loss of wage earning capacity, and the matter proceeded to hearing before the Judge of Industrial Claims on December 21, 1970, and March 1, 1971. Two separate court reporters from two separate court reporting services were used for the two hearings. Both were official court reporting services for the Department of Commerce, Bureau of Workmen’s Compensation. The Judge entered an Order on April 27, 1971, holding that the claimant had sustained a 25 percent permanent partial wage earning loss as a result of the industrial accident.
On May 3, 1971, the Petitioners, employer and carrier below, filed their Application for Review, assigning as error that the Order completely ignored a subsequent non-industrial accident of November 7, 1968, that involved substantially the same areas of injury to the body as were involved in the compensable accident. Receipt was acknowledged, stating the Application for Review had been filed in Tallahassee on May 3, 1971. Accordingly, the Clerk of the Full Commission sent a letter to Petitioners indicating that the file was being forwarded to the Judge of Industrial Claims with request that he please proceed *343 with the preparation of the transcript of proceedings.
On July 2, 1971, one of the court reporters filed a Petition for Extension, of Time, indicating that the reporter would not be able to complete the preparation of the transcript within the time specified. The Judge of Industrial Claims entered an Order indicating that, “for good cause shown” by the verified petition, the time for filing the transcript of proceedings was extended to August 9, 1971.
On July 16, 1971, the Respondent filed a Motion to Quash and/or Dismiss the appeal on the basis that Florida Industrial Commission Rules 6(a)[1] provides that the transcript of record shall be filed within forty-five days, that the deadline of forty-five days had passed (June 17, 1971), and that the Order extending the time for the preparation of the transcript was entered subsequent to the forty-five day deadline.
On July 19, 1972, the Industrial Relations Commission, with two members sitting, granted the motion to dismiss, saying “Forty-five days from May 3, 1971, would be June 17, 1971, and the record is clear that a motion was not filed nor a verified petition entered prior to that date.” In addition, the Commission awarded Respondent $500.00 attorney’s fees.
The Petitioners have now filed a petition for writ of certiorari with this Court, asserting that the Industrial Relations Commission erred in granting the Motion to Dismiss the Application for Review, and taking the position that the Judge of Industrial Claims did not abuse his discretion in granting an extension of time for filing the transcript of record even though it was beyond the forty-five day period indicated in Commission Rule 6(a), as such a rule is discretionary and not mandatory.
Our careful consideration and analysis of the petition, the record and briefs of counsel, sustains the view that the findings of the Commission are supported by competent substantial evidence and that, in entering its order, respondent Commission met the essential requirements of law. Contrary to the contentions of petitioners, both the foregoing rule and the statutes which are its foundations, Sections 440.-25 (4) (b) and 440.29(2), Florida Statutes, 1971, F.S.A., clearly indicate that an extension of time for filing the transcript of evidence can be granted only if the necessary steps are taken within the forty-five day period. Just as clearly, and again, contrary to the contentions of petitioners, the appropriate rule and statutes place the burden upon the appellant and counsel, and not upon anyone connected with the Department of Commerce, to keep informed as to and take steps to assure the progress of the preparation and filing of the transcript of evidence.
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
CARLTON, C. J., and ROBERTS and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion.

. The appellant shall have the original and one copy of the transcript of evidence adduced at the hearing before the Judge of Industrial Claims filed with the Industrial Relations Commission within forty-five days from the date of filing of the application for review, unless the Judge on his own motion or for good cause shown by verified petition presented prior to the expiration of said period, shall extend the time therefor. The appellant shall have a copy of the transcript served on the opposing party or their counsel and evidence thereof shall be filed with the transcript when filed with the Commission. (Emphasis supplied.)