DEKLE, Justice
(dissenting):
In Bradshaw v. Miami Provision Co.,[1] we recently held that Florida Industrial Commission Rule 6(c) was not mandatory, but was to be applied within the discretion *344 of the Judge of Industrial Claims, and his decision would not be disturbed on review, except on a clear showing of an abuse of power or an arbitrary exercise of power. In Bradshaw, an Insolvency Petition had been executed by the attorney rather than the claimant. The Full Commission affirmed the denial of the claimant’s petition for relief for payment of the transcript pursuant to Rule 6(c), because the rule had not been complied with, as the Insolvency Petition was not signed by the claimant personally. This Court held that the Judge of Industrial Claims had not abused his discretion in considering the claimant’s Insolvency Petition on the merits even though it was signed by the attorney rather than by the claimant as required by Florida Industrial Commission Rule 6(c). We stated it was dear that this deviation from the rules requirement did no harm.
Within Bradshaw, we cited the decision in Sweeney v. Pine Island Citrus Groves, Inc.,[2] which held that, for good cause, a Judge of Industrial Claims may exercise his discretion in granting or denying an extension of time for filing a verified petition to be relieved of costs in preparation of a transcript. This Court rejected the Commission’s view that another part of Rule 6(c) was mandatory, and held:
“Both the Judge of Industrial Claims and the Full Commission erred in holding that this rule was mandatory. This and other rules of the Commission should be observed in the interest of expediting the speedy termination of these administrative proceedings. Such rules, however, are not mandatory. For good cause the Judge of Industrial Claims may, on application of the employer or employee, exercise his judicial discretion in granting or denying such relief. Ordinarily, the exercise of such discretion will not be disturbed on review, except on a clear showing of an abuse of power or an arbitrary exercise of power.” [3]
Dismissal of a transcript for late filing has been held to be discretionary in Crawford v. W. R. Wright & Sons, Inc.,[4] and Schneider v. Gustafson Industries, Inc.[5] In Crawford, it was held that the cause should not be dismissed where the failure to file the transcript was the fault of the Commission. In Schneider, it was held error to dismiss where the court reporter relied on an erroneous computation of time.
As in these two foregoing cases, it would appear that the failure to properly file the transcript was not the fault of the petitioners.
In the record, there appears a letter dated May 4, 1971, addressed to petitioners’ attorney, with copies to respondent’s attorney and the Judge of Industrial Claims, which acknowledges receipt of the Application for Review filed May 3, 1971. The letter, from the Florida Department of Commerce, also states:
“Accordingly, this file is being forwarded to the Judge of Industrial Claims with the request that he please proceed with the preparation of the transcript of proceedings.”
The petitioners had no control over the official court reporters that were employed and designated by the Florida Department of Commerce. The office of Freidman and Lombardi, Court Reporters, had been employed as the official court reporter regarding the first hearing. Then, the office of Green & Inman became the official court reporters, and they were in attendance at the second hearing. With two court reporters preparing the transcript, and especially a new court reporter that had just taken office in January, 1971, there evidently was some confusion with regard to the correct date of filing. As *345 recognized by this court in Lieber v. Morris Lieber, Inc.,[6] the responsibility of having hearings properly reported and transcribed falls on the Commission. In that case, there had been a disappearance of a court reporter, so that the notes could not be transcribed. It was then held that the cause should be remanded for a trial de novo. It would appear that whether the court reporter disappears, or the firm engaged by the Department of Commerce does not file the transcript in a timely manner, the result should be the same.
Under the facts of the instant case, Rule 6(a) cannot be held to be mandatory. Such a holding would mean that a litigant could be denied his day in court through the inadvertence, wilful or negligent, of the Judge of Industrial Claims, the Full Commission, or any person, such as a court reporter, placed in a position of responsibility by the Department of Commerce. In the case sub judice, the Judge of Industrial Claims did not abuse his discretion in extending the time for the filing of the transcript. The Full Commission erred in holding that Rule 6(a) was mandatory, and overturning the extension of time granted by the Judge in his discretion, without a clear showing of an abuse of power or an arbitrary exercise of power.
Petitioners have also raised as error the Full Commission’s award of attorney’s fees to respondent “based on an interlocutory order where the decision results in no further benefits to the claimant and the Order of the Industrial Relations Commission is only on procedure and is not based on the merits of the claim.”
In Honeywell, Inc. v. Haley,[7] we held that in interlocutory proceedings of this kind, which are ancillary to the right of a claimant to an award for compensation benefits, an award of attorney’s fees should be held in abeyance pending disposition on the merits of the claim. This is so because Fla.Stat. § 440.34, F.S.A., only authorizes an attorney’s fee contingent upon an award of compensation benefits.
The instant case is an interlocutory-ancillary proceeding, where such a decision will result in no further compensation benefits to the claimant. The Order entered by the Industrial Relations Commission is not on the merits, but only on the procedure, and I therefore agree with petitioners that no attorney’s fees should be payable.
The Order of the Full Commission should be quashed in my judgment, and the cause remanded to the Full Commission with directions to hear petitioners’ Application for Review on its merits, and defer the award of attorney’s fees, if any, to respondent, until the completion of the hearing on the merits.
I respectfully dissent.

. 261 So.2d 829 (Fla.1972).

. 234 So.2d 644 (Fla.1970).

. Id. at 645.

. Claim No. R-5314, cert. denied, 81 So.2d 807 (Fla.1955).

. 139 So.2d 423 (Fla.1962).

. 168 So.2d 313 (Fla.1964).

. 216 So.2d 745 (Fla.1968).