BOYD, Justice
(dissenting).
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission. Oral argument has been dispensed with, pursuant to Rule 3.-10(e), Florida Appellate Rules.
The facts of the case, as reported in the Order of the Judge of Industrial Claims, are as follows:
“The claim herein was filed on February 18, 1972. An application for hearing was filed on August 17, 1972. On August 29, 1973, a Notice of Hearing was mailed to the parties, scheduling the hearing on the merits on November 3, 1972. Because of Mr. Ginsburg’s illness, this hearing was cancelled and was rescheduled by the Tampa office of the Bureau of Workmen’s Compensation on February 9, 1973, with the Notice of Hearing being mailed on January 8, 1973. The hearing was then rescheduled on March 9, 1973, again at the request of Mr. Ginsburg. The Motion to Dismiss, pursuant to Rules 8AW-1.03 and 8AW-l.il was filed on February 6, 1973, and the unverified Motion to Extend Time for Taking Testimony was filed on February 9, 1973.”
On the basis of these facts, the Judge of Industrial Claims held as follows:
“It is apparent that the claimant has failed to comply with the provision of *687 Rule 8AW-1.03, requiring the testimony to be presented within ninety days. No verified petition was filed within the ninety day period and no testimony has been submitted in support of the claim. On the other hand, the claimant has not failed to diligently prosecute his claim. The deposition of an expert witness was taken by the attorney for the employee on October 6, 1972, and the claimant appeared to have his deposition taken by counsel for the employer/carrier on the same date. In addition, the fact that the hearing was not rescheduled within 90 days was due to the heavy hearing schedule in Manatee County, rather than any lack of diligence on the part of the claimant.
“The Supreme Court of Florida has held that the Rules of the Commission are not mandatory. Sweeney v. Pine Island Citrus Groves, 234 So.2d 644 (1970). In the instant case, since the claimant has not shown any lack of diligence in prosecuting his claim, and in order to avoid a possible injustice, the failure to strictly follow Rule 8AW-1.03 should be excused.
“WHEREFORE, it is ORDERED, that the Motion to Dismiss is denied.”
On appeal taken by the employer-carrier, petitioners herein, the Industrial Relations Commission affirmed, 2-1, holding:
“Upon consideration of the record, the briefs of counsel, and research of the applicable law, the Order appealed from is affirmed on the authority of Sweeney v. Pine Island Citrus Groves, Inc., 234 So.2d 644 (Fla. 1970); Bradshaw v. Miami Provision Company, 261 So.2d 829 (Fla.1972); and Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla.1973).”
Chairman Slepin, dissenting, had argued:
“The Rules of Practice and Procedure in Workmen’s Compensation are, as interpreted by the Supreme Court, mandatory unless waived by agreement or conduct of the parties.
“In the instant cause the Judge of Industrial Claims concedes that Rule 3 would bar the claim, and concedes furthermore that claimant did not pursuant to Rule 3 proceed to seek an extension of time. By every test, including the assertions of the Judge of Industrial Claims in derogation of his holding, Rule 3 squarely applies to the instant cause and the claim must be denied thereunder. Affirmance of the Judge’s Order, which Order is not explanatory of any agreement by the parties to waive the Rule or course of conduct by the parties which would constitute a waiver as ‘waiver’ has been defined, amounts to the reduction of the Rule to meaningless verbiage. The Judge apparently excused application of the Rule because he divined an intent in the claimant or his counsel not to have the cause dismissed; but such a divination, if accurate, is not legal cause for ‘emasculation of the Rule.’ ....

“I would reverse the Order on appeal and remand the cause to the Judge of Industrial Claims for denial of the claim pursuant to Rule 3, I.R.C. Rules of Procedure.”
I am in agreement with the dissenting opinion of Chairman Slepin, and we should reverse the opinion of the majority of the Commission in this cause, for reasons which will be set forth below.
Department of Commerce Rule 8AW-1.-03 [1] gives the parties ninety days from the *688 date set for the first hearing within which to conclude testimony. If the testimony is not concluded within said ninety day period, the Judge of Industrial Claims must determine the merits on the evidence which was submitted timely. Of course, certain extensions of time are permitted when good cause is shown provided a verified petition has been filed prior to the expiration of said ninety day period[2]
Under Rule 8AW-l.il,[3] when, as in the case at bar, no evidence has been timely submitted to the Judge of Industrial Claims, the employee’s claim should be dismissed.
As the Judge of Industrial Claims noted, “It is apparent that the claimant has failed to comply with the provision of Rule 8AW-1.03, requiring the testimony to be presented within ninety days. No verified petition was filed within the ninety day period and no testimony has been submitted in support of the claim.” (Emphasis supplied.) Further, counsel for the employee admitted that the second hearing date was over ninety days from the first date set for hearing, and that he “probably could have filed a verified petition and requested a later time”.
In view of the facts before him, the Judge of Industrial Claims, under the Florida law, had no alternative but to dismiss the employee’s claim for failure to prosecute. See Perez v. Carillon Hotel;[4] B. F. Todd Electrical Contractors v. Hammond;[5] Black v. Blue Ribbon Laundry.[6]
The Judge of Industrial Claims cited Sweeney v. Pine Island Citrus Groves,[7] as authority for denying the employer/carrier’s motion to dismiss. Although the language in Sweeney, in light of Perez, B. F. Todd Electrical Contractors, and Black, might be considered confusing, the net effect of these cases is to hold that the Rules in question are mandatory unless the parties have expressly, or impliedly through their actions, waived the enforcement of same. In Perez, this Court stated, “A relaxation of Rule 3 (now Rule 8AW-1.03) would materially defeat the concept of speedy justice.”[8] We then went on to point out that, under certain conditions, the Rule could be waived by direct stipulation or action of the parties.
A review of the record in the instant case reveals that there was no allegation the employer and carrier had, in any way, expressly or impliedly, waived the provisions of Rules 8AW-1.03 and 8AW-l.il. Therefore, under the applicable law, I think the Judge of Industrial Claims and the majority of the Industrial Relations Commission erred in failing to grant the employer/carrier’s motion to dismiss for failure to prosecute.
Once again, as Chairman Slepin pointed out in his dissent:
“Affirmance of the Judge’s order, which Order is not explanatory of any agree *689 ment by the parties to waive the Rtile or course of conduct by the parties which would constitute a waiver as ‘waiver’ has been defined, amounts to the reduction of the Rule to meaningless verbiage. The Judge apparently excused application of the Rule because he divined an intent in the claimant or his counsel not to have the cause dismissed; but such a divination, if accurate, is not legal cause for ‘emasculation of the Rule.’ ” (Emphasis supplied.)
Accordingly, the petition for writ of cer-tiorari should be granted, the Order of the Industrial Relations Commission should be quashed, and the claim should be dismissed pursuant to Department of Commerce Rules 8AW-1.03 and 8AW-l.il.
I respectfully dissent.

. Said Rule provides, in pertinent part:
“(1) When a claim for compensation or medical benefit is filed with the Department, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon he determined hy the Judge of Industrial Claims on the evidence which has heen submitted. For good cause shown, the Judge may grant such extension of time as may be reasonably required, provided application therefor is made hy any pa/rty hy verified petition filed with the Judge prior to the *688 expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take the testimony. This does not apply to cases arising under Section 440.28, Florida Statutes, or to cases appealed and reversed or modified where it becomes necessary to take additional testimony, or to cases where proof is presented to the Judge showing that the party is in such physical or mental state that he cannot testify during the period above limited.” (Emphasis supplied.)

.The rule clearly places upon the party seeking an extension the burden of strict compliance with the prerequisites therefor. Cf. Henderson’s Portion Pak v. Jones, 281 So.2d 342 (Fla.1973).

. Said Rule provides :
“Failure to Comply with Rules 8AW-1.03, 8AW-1.04, or 8AW-1.06 shall be cause for dismissal upon motion of any interested party or by the Commission on its own motion.” (Emphasis supplied.)

. 231 So.2d 519 (Fla.1970).

. 164 So.2d 513 (Fla.1964).

. 161 So.2d 532 (Fla.1964).

. 234 So.2d 644 (Fla.1970).

. 231 So.2d at 521.