MILLS, Judge.
In this workers’ compensation case, Hezekiah McClinton has requested that we reverse the Deputy Commissioner’s order denying his claim for temporary total and partial disability benefits, costs, penalties, and fees. We decline to do so.
McClinton injured his back on 25 February 1981 while moving a load of books in the course of his employment with Royal. At the hearing on McClinton’s claim, the Deputy Commissioner heard testimony from McClinton and two employees from Royal. He also received the depositions of three orthopedic surgeons who examined McClinton. In his order, the Deputy Commissioner dismissed McClinton’s claim with prejudice, finding that he had reached MMI on 31 March 1981; that he had been released by the doctors to return to work with no restrictions that McClinton had returned to work in odd jobs that required heavy lifting; and that McClinton had made several contradictory statements at the hearing, which impeached his credibility.
First, McClinton contends that by dismissing his claim “with prejudice,” the Deputy Commissioner has foreclosed any proceedings on future benefits that may become due. There is nothing in the order to suggest that this is true. The Deputy Commissioner dismissed this particular claim for benefits with prejudice, foreclosing any future proceedings on the same claim. This he may do without conflicting with G & S Packing Company v. Driggers, 382 So.2d 446 (Fla. 1st DCA 1980) or Section 440.28, Florida Statutes (1981).
Next, McClinton claims that it was error to deny him temporary disability benefits. A review of the record reveals competent and substantial evidence to support the deputy’s findings and conclusions on this issue. We decline to re weigh the evidence to reverse. Croft v. Pinkerton-Hayes Lumber Company, 386 So.2d 535 (Fla.1980). See also, Grillo v. Big “B” Ranch, 328 So.2d 429 (Fla.1976); Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980).
Finally, McClinton requests that a new hearing be granted because the testimony of the two Royal employees was inaudible and, therefore, not in the record, preventing adequate appellate review. Lieber v. Morris Lieber, Inc., 168 So.2d 313 (Fla. 1964). In Lieber, however, the entire transcript was lost. Here, only a portion of the testimony was lacking in the transcript. Additionally, the record contains a statement signed by McClinton and his counsel stipulating to the inaudible testimony. Further, McClinton has not demonstrated how the omission of such testimony from the record has prejudiced him. We, therefore, view this point to be without merit.
For the reasons stated above, the order of the Deputy Commissioner is affirmed. Accordingly, the petition for attorney’s fees is denied.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.