161 So.2d 532 (1964)
J.R. BLACK, Petitioner,
v.
BLUE RIBBON LAUNDRY, Corporate Group Service, Inc., and Florida Industrial Commission, Respondents.
No. 32778.
Supreme Court of Florida.
March 4, 1964.
*533 Edward Schroll and Allen Clements, Miami, for petitioner.
Lally, Miller & Hodges, Miami, for Blue Ribbon Laundry and Corporate Group Service.
Paul E. Speh and Patrick H. Mears, Tallahassee, for Florida Industrial Commission.
THORNAL, Justice.
By petition for certiorari we are requested to review an order of the Florida Industrial Commission vacating a compensation award previously entered by a deputy commissioner.
In disposing of the case we must construe Procedure Rules 3 and 11, issued by the respondent Commission.
On February 2, 1960, the employee Black suffered a compensable injury. Contending that the employee reached maximum medical recovery on April 20, 1961, with a residual permanent partial disability of 25% of the body as a whole, the self-insuring employer paid compensation to this extent. The last payment was made about August 22, 1962. The employee contended that his disability was permanent and total. He thereupon applied to the *534 Commission for relief accordingly. The deputy commissioner set a hearing on July 7, 1961. No testimony was taken, however, until, pursuant to agreed extensions, a hearing was finally held December 7, 1961. At that time testimony was offered and the hearing concluded with a stipulation that the parties would take testimony of a doctor by deposition. On April 9, 1962, upon the basis of the December 7 record, the deputy advised the parties that he found the claimant to have suffered a 40% permanent partial disability. However, on March 23, 1962, the claimant had been hospitalized because of an acute back pain. He remained in the hospital until April 17, 1962. When the employer's servicing agent was notified of the hospitalization its attorney informed claimant's attorney by letter that the treatment by claimant's physician would not be authorized. On April 26, 1962, the deputy held a further hearing. At that time he received testimony regarding the claimant's condition which brought about his hospitalization on March 23, 1962. At the hearing on April 26, 1962, the attorney for the employer objected to the further taking of testimony on the ground that more than eight months had expired since the date set for the first hearing. By their briefs the parties indicate that the date set for the first hearing was August 25, 1961, and that the hearing on April 26, 1962, occurred eight months and one day after the first hearing date. The transcript, however, indicates that the date set for the first hearing was July 7, 1961. In either event, it was more than eight months prior to the ultimate hearing on April 26, 1962.
The deputy commissioner denied the employer's objections and proceeded with the hearing. As previously stated, he found the claimant to have suffered a permanent total disability. He entered an award accordingly. On review the Full Commission vacated the award on the ground that the final testimony upon which the award was based, was heard more than eight months after the date set for the first hearing. The cause was remanded with directions to the deputy to enter his award on the basis of the record established at the hearing on December 7, 1961. It is this order of the Full Commission which we now have for review.
The petitioner contends that Procedure Rule 3 is merely directory and should be construed to permit a deputy commissioner a reasonable discretion in its application.
The respondent contends that Rule 3 is mandatory and that the deputy has no discretion whatever in applying it.
Rule 3(a) promulgated by the Florida Industrial Commission reads in part as follows:
"(a) When a claim for compensation or medical benefit is filed with the Commission, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the Deputy Commissioner on the evidence which has been submitted. For good cause shown, the Deputy Commissioner may grant such extension of time as may be reasonably required, provided application therefor is made by any party by verified petition filed with the Deputy Commissioner prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take the testimony * * *." (Emphasis added.)
Rule 11, promulgated by the Commission reads as follows:
"Failure to comply with Rule No. 3, Rule No. 4, or Rule No. 6 shall be cause for dismissal upon motion of any interested party or by the Commission on its own motion."
The obvious purpose sought to be accomplished by the quoted rules is the prompt and expeditious disposition of compensation claims. They are rules of procedure promulgated by the Commission to prevent *535 undue delays and unreasonable time extensions in processing these claims to a conclusion.
We construe Rule 3 to fix a time limit for the taking of testimony from the date announced for the first hearing. This is the date when the first hearing is scheduled to be heard. If the hearing is not heard on that date, nevertheless, it remains the date set for the first hearing. The Commission itself has so construed the rule. In addition to our own view we accord great persuasive weight to the administrative interpretation. Jones v. W.H. Vann, Inc., 2 F.C.R. 278 Cert. den., Jones v. Vann, Fla., 101 So.2d 147.
We have the view, however, that Rule 3, supra is not mandatory in the sense that it establishes jurisdictional conditions precedent upon the conduct of a deputy commissioner. It is not mandatory in the sense that its provisions cannot be waived by agreement of the parties or by a course of conduct such as a failure to assert the rule. The rule is directory to the extent that its provisions may be waived by agreement or conduct of the parties. However, the rule is mandatory in the sense that in the absence of such a waiver, the deputy is bound to apply it when a party claims its benefits. Jones v. Vann, supra.
In analogous situations the provision of similar rules of procedure have been held to be directory. In Schneider v. Gustafson Industries Inc., Fla., 139 So.2d 423, we considered Industrial Commission Rule 6(a) providing for the filing of a transcript within 45 days after the filing of the application for review. We held this rule may be waived and is, therefore, directory even though apparently mandatory language was employed in the rule. In Heath v. Thomas Lumber Co., Fla., 140 So.2d 865, we expressly held that the 90 day provision of Rule 3(a) supra, could be waived by stipulation of the parties.
The sum of our previous holdings, as well as those of the respondent Commission, is that the provisions of the subject rule may be waived, either by agreement or by conduct of the parties. To that extent the rule is not mandatory. However, the record must reveal either the required stipulation or the existence of a state of facts from which the deputy may properly determine the presence of a waiver. If such facts do exist in the judgment of the deputy, he should so find in his order. In the instant case there was no stipulation and there was no showing of a state of facts upon which the determination of the presence of a waiver could be made. In fact, the deputy did not undertake to make any finding in this regard. On the other hand, the employer promptly asserted the benefit of the rule. Insofar as the immediate record reveals, he was entitled to a favorable ruling. The respondent Commission therefore did not commit error in vacating the order of the deputy and remanding the case for disposition on the basis of the record as it was established at the hearing on December 7, 1961, supplemented by the stipulated disposition. In remanding the case, however, it should be without prejudice to the rights of the claimant to any relief which he might be entitled as the result of a changed condition and pursuant to Section 440.28, Florida Statutes, F.S.A. While this may appear to some to result in a procedural circuity, it nevertheless is necessitated by the application of the subject rules. We are convinced that this interpretation and application of the rules will in the ultimate produce a more orderly and effective handling of compensation claims. In this particular case, if, subsequent to the December hearing, the claimant suffered a change of condition, he will be entitled to demonstrate it upon remand.
As an incident to its principal ruling the Full Commission also directed the deputy to disallow compensation to the claimant's doctor on the ground that the services were unauthorized. The deputy had found that the claimant acted reasonably in seeking the aid of Dr. Abel in whom he had confidence, and that it was necessary *536 that he have immediate care and hospitalization. In reversing the deputy on this point, we think the respondent Commission was in error and to that extent its order should be vacated. We dispose of this question now so that the deputy will have ample guidance in the event of an application for modification based on changed conditions.
To the extent last indicated the order of the Full Commission is quashed and set aside. In other respects, we find it to be without error.
It is so ordered.
THOMAS, Acting C.J., and ROBERTS, CALDWELL and HOBSON (Ret.), JJ., concur.