CALDWELL, Justice.
This cause, before us on Petition for Writ of Certiorari to the Florida Industrial Commission, presents for our determination the proper construction of certain provisions of Rule 3 of the Rules of Procedure promulgated by the Industrial Commission.
Claimant, James G. Hammond, sustained a compensable accident on June 6, 1958, while employed by Todd Electrical Contractors. The parties stipulated that claimant reached maximum medical improvement on October 9, 1958, with a 15% functional and economic disability as a result of his accident. The deputy entered an order approving the written stipulation on October 21, 1958. Later, at claimant’s request, a hearing was scheduled for November 4, 1959 to determine permanent disability rating. Claimant’s attorneys requested cancellation of the hearing shortly before it was to be held and acquisced in the order of the deputy dismissing the claim without prejudice. In June of 1961, a second claim was filed, hearing was scheduled and then, on claimant’s request for a continuance, rescheduled for September 18, 1961. On that date claimant’s counsel requested another continuance, claiming the written stipulation approved by the deputy three years previously constituted “surprise.” No verified petition showing good cause was ever filed by claimant. Over the objection of the employer, the deputy entered an order granting another continuance but specifying that “said hearing shall be held within 90 days.”
The 90-day period ran on December 25, 1961, without application for hearing being filed by claimant and without hearing having been set by the Commission. On January 25, 1962, the employer filed a Motion to Dismiss for Lack of Prosecution. The deputy denied the Motion to Dismiss, finding inter alia that the claim would be considered as a petition to modify the order entered October 21, 1958, and held that Rule 3 of the Commission’s Rules did not apply since it was necessary to take additional testimony.
The Full Commission reversed, holding that Rule 3 does apply to modification pro *515 ceedings under F.S. § 440.28, F.S.A., that once a claim for modification is filed the time requirements of Rule 3 apply to it just as they applied to the original claim. The Commission remanded the cause to the deputy for “further consideration and to reasonably exercise his discretion in granting or denying the Motion to Dismiss on the basis of good cause shown as discussed in Schneider vs. Gustafson Industries, Inc., 139 So.2d 423 (Fla.1962).”
Petitioner contends that Full Commission erred in remanding since the 90-day requirement of Rule 3 is mandatory and not discretionary.
Rule 3(a) provides as follows:
“ * * * If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the Deputy Commissioner on the evidence which has been submitted. For good cause shown, the Deputy Commissioner may grant such extension of time as may be reasonably required, provided application therefor is made by any party by verified petition filed with the Deputy Commissioner prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take testimony * * *.”
We must agree the plain language of the above-quoted rule requires that the taking of testimony must be concluded within the 90-day period unless the deputy, on timely application by verified petition, for good cause shown, grants an extension.
The 90-day provision is mandatory in the sense that once that period has run, absent application upon good cause shown for extension, the cause must be determined by the deputy on the evidence which has been submitted. In the instant case, the 90-day period having expired without an application for extension, the deputy had no discretion to allow further time and the motion to dismiss for lack of prosecution should have been granted.
The Schneider case, supra, does not require a contrary result. That case involved Florida' Industrial Commission Rule 6(a) and Florida Statute' § 440.25(4), F.S.A. having to do with the time for filing of the transcript on application for review to the Full Commission. This court held that the use of the words “shall” and “must” in the rule and statute, respectively, did not preclude the exercise of discretion by the Full Commission. This court observed that mandatory language in statutes is sometimes construed as directory and went on to hold the mandatory language of the rule and statute in question would be so construed. However, we are constrained to observe that mandatory language is normally to be construed as mandatory. We find no sound reason for construing it otherwise in this cause.
The order of the Full Commission is affirmed in part and reversed in part and the cause remanded for proceedings not inconsistent herewith.
ROBERTS, O’CONNELL and SE-BRING (Ret.), JJ., concur.
DREW, C. J., concurs in judgment only with opinion.