DREW, Justice.
Upon consideration of the petition for certiorari and the record, briefs and argument of the parties in this cause, we conclude that the commission erred in reversing the order of the deputy herein.
Claimant’s petition for modification of a 1958 permanent partial compensation award, following several earlier unsuccessful petitions, was scheduled for final hearing on November 9, 1964. This and several intervening scheduled hearings were can-celled or postponed at the request of claimant over a period of more than a year. At hearing on the merits conducted November 18, 1965, a motion to dismiss for lack of prosecution was presented by carrier’s counsel and later renewed. Upon a finding that no petition for extension of time had been filed by petitioner within 90 days from the date initially set for final hearing, recitation of the above and other circumstances involved in attempted settlement of the claim, and “upon consideration of all the evidence and other factors,” the deputy concluded that the motion to dismiss the petition should be granted, without prejudice, for lack of prosecution under Rules 3 and 11[1] of the Florida Industrial Commission’s Rules of Procedure.
While the order was properly reviewed as one finally disposing of the modification petition, the commission erred in finding, upon this record, that the motion must be denied because of waiver of the rule by “conduct of the parties, such as a failure to timely assert the rule, as is apparent in the instant case.” The chronology of events recited by the deputy amply supports the order of dismissal, and the filing of a petition for extension of time by claimant in this case after lapse of the period set by the rule does not in the circumstances require a contrary result.
The writ is accordingly issued, the order of the commission is quashed, and the cause remanded with directions that the order of the deputy be reinstated.
THORNAL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.

. For text of the applicable rule see B. F. Todd Elec. Contr. v. Hammond, Fla.1964, 164 So.2d 613. Black v. Blue Ribbon Laundry, Fla.1964, 161 So.2d 532.