BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Commission.
The question presented is whether the Judge of Industrial Claims and Full Commission have correctly applied Rule 3, Rules of Procedure of Florida Industrial Commission, which is as follows:
“(a) When a claim for compensation or medical benefit is filed with the commission, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the judge of industrial claims on the evidence which has been submitted. For good cause shown, the judge of industrial claims may grant such extension of time as may be reasonably required, provided application therefor is made by any party by verified petition filed with the judge prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take testimony. This does not apply to cases arising under section 440.28, Florida Statutes, or to cases appealed and reversed or modified where it becomes necessary (sic) to take additional testimony, or to cases where proof is presented to the judge showing that the party is in such physical or mental state that he cannot testify during the period above limited.
“(b) Whenever a hearing has been set by a judge of industrial claims, all parties shall present their testimony on the date set or from day to day thereafter. In the event a motion for continuance is made or the parties or their counsel agree to a continuance of the cause, the same must be considered by the judge and if, in the judge’s opinion, the continuance is in the best interest of justice, and does not prejudice the rights of either of the parties, said continuance may be granted within the time limited herein for taking testimony, or any extension of such time.”
The first hearing on the claim below was scheduled and held, without objection from either side, on September 19, 1967. Upon conclusion of the testimony offered by the petitioner, claimant, the court inquired whether the respondents, employer-carrier, were ready to present testimony. The respondents could not proceed because one medical witness was in surgery and the only other one was in Europe.
Over objection of the petitioner, the Court set the next hearing on the matter for December 11, 1967, being within the ninety-day period from commencement of the hearing contemplated in the above rule. Without notice to petitioner and at the request of respondents, the court reset the second hearing to February 2, 1968. There is nothing in the record to show why this occurred, nor is there any claim that a verified petition was ever filed by respondents seeking any extension of the time of taking testimony for good cause.[1] Respondents did not attempt to present testimony within the ninety-day period.
The Judge of Industrial Claims denied the claim relying on the medical testimony produced by the employer-carrier at the hearing of February 2, 1968. Petitioner’s motion for determination of the cause pursuant to Rule 3 and motion to vacate were denied. The Full Commission affirmed.
The peculiar nature of industrial claims is such as to require speedy determination of the rights of the parties. Generally the claimant is head of a family and the economic needs of the family demand immediate consideration of the matters by the court. Industrial claims are handled in proceedings separate from regular court proceedings to eliminate technical delays *521 and the long waiting periods arising from crowded dockets. A relaxation of Rule 3 would materially defeat the concept of speedy justice.
The Court recognizes that under certain conditions this rule may be waived either by direct stipulation or action of the parties.[2] There was no such waiver here.
We also recognize that cause for relaxation of Rule 3 might arise under rare circumstances where strict application of the rule would offend due process of law. No circumstances requiring relaxation are shown here.
Accordingly, certiorari is granted, the order of the Full Commission is reversed and the cause remanded to the Full Commission with directions to remand to the Judge of Industrial Claims for determination of the claim on the evidence submitted within ninety days from the first hearing date.
The Petition for Attorney’s fees is hereby granted in the amount of $350.00.
It is so ordered.
ROBERTS and ADKINS, JJ., concur.
DREW, J., concurs specially with opinion.
ERVIN, C. J., CARLTON, J., and RAWLS, District Court Judge, concur with DREW, J.

. B. F. Todd Electrical Contractors v. Hammond, 164 So.2d513 (Fla.1964).

. Black v. Blue Ribbon Laundry, 161 So. 2d 532, 535 (Fla.1904) : “The sum of our previous holdings, as 'well as those of the respondent Commission, is that the provisions of the subject rule may be waived, either by agreement or by conduct of the parties. To that extent the rule is not mandatory. However, the record must reveal either the required stipulation or the existence of a state of facts from which the deputy may properly determine the presence of a waiver.”