DREW, Justice
(concurring specially).
I concur in the results reached in this decision but I must point out that Black v. Blue Ribbon Laundry, 161 So.2d 532 (Fla. 1964), cited in support of the statement “the Court recognizes that under certain conditions this rule may be waived either by direct stipulation or action of the parties,” was rendered prior to the decision of this Court in B. F. Todd Electrical Contractors v. Hammond, 164 So.2d 513 (Fla. 1964). In Todd the author of this concurrence pointed out the inadvertent use of the word “mandatory” in the majority opinion. Todd clearly holds:
“ ‘The 90-day provision is mandatory in the sense that once that period has run, absent application upon good cause shown for extension, the cause must be determined by the deputy on the evidence which has been submitted.’ ”
It is because of the above language that the author felt impelled in that case to call attention to the fact that such requirement made the 90-day period set in Rule 3, to the extent noted, jurisdictional. The language in the opinion of the majority, viz:
“We also recognize that cause for relaxation of Rule 3 might arise under rare circumstances where strict application of the rule would offend due process of law. No circumstances requiring relaxation are shown here.”
in effect, overrules Todd on this question but in language that is too nebulous. I think we should do so in more certain terms, and return to the decisions of this Court and the Full Commission prior to Todd construing this rule.
ERVIN, C. J., CARLTON, J, and RAWLS, District Court Judge, concur.