DREW, Justice.
The question presented here is whether the Judge of Industrial Claims may, sua sponte, extend the time for taking testimony beyond the eight-month period allowed by Rule No. 3 of the Florida Industrial Commission, now the Industrial Relations Commission.
The identical question was before the Court in Black v. Blue Ribbon Laundry.[1] In that case we said:[2]
“We construe Rule 3 to fix a time limit for the taking of testimony from the date announced for the first hearing. This is the date when the first hearing is scheduled to be heard. If the hearing is not heard on that date, nevertheless, it remains the date set for the first hearing. The Commission itself has so construed the rule. In addition to our own view we accord great persuasive weight to the administrative interpretation. Jones v. W. H. Vann, Inc., 2 F.C.R. 278 Cert. den., Jones v. Vann, Fla., 101 So.2d 147.
“We have the view, however, that Rule 3, supra, is not mandatory in the sense that it establishes jurisdictional conditions precedent upon the conduct of a deputy commissioner. It is not mandatory in the sense that its provisions cannot be waived by agreement of the parties or by a course of conduct such as a failure to assert the rule. The rule is directory to the extent that its provisions may be waived by agreement or conduct of the parties. However, the rule is mandatory in the sense that in the absence of such a waiver, the deputy is bound to apply it when a party claims its benefits. Jones v. Vann, supra.
“In analogous situations the provision of similar rules of procedure have been held to be directory. In Schneider v. Gustafson Industries Inc., Fla., 139 So.2d 423, we considered Industrial Commission *491 Rule 6(a) providing for the filing of a transcript within 45 days after the filing of the application for review. We held this rule may be waived and is, therefore, directory even though apparently mandatory language was employed in the rule. In Heath v. Thomas Lumber Co., Fla., 140 So.2d 865, we expressly held that the 90 day provision of Rule 3(a) supra, could be waived by stipulation of the parties.
“The sum of our previous holdings, as well as those of the respondent Commission, is that the provisions of the subject rule may be waived, either by agreement or by conduct of the parties. To that extent the rule is not mandatory. However, the record must reveal either the required stipulation or the existence of a state of facts from which the deputy may properly determine the presence of a waiver. If such facts do exist in the judgment of the deputy, he should so find in his order. * * * ” (Emphasis added.)
We specifically call attention of the Bar to the fact that Black v. Blue Ribbon Laundry, supra, has, in the recent cases of Perez v. Carillon Hotel[3] and Sweeney v. Pine Island Citrus Groves,[4] been reaffirmed and adhered to so far as it holds these rules to be discretionary instead of mandatory. The sole exception in Black is the language there (underscored in the quoted portion of the opinion above) with reference to the particular question presented here. The Judge of Industrial Claims may, of his own motion or otherwise, recall a witness for the purpose of clarifying his testimony in the event — and only in the event — it has not been properly recorded. He may, under the rules and after the eight-month period, if it becomes necessary, appoint a disinterested physician to examine a claimant for the purpose of aiding h,im in reconciling conflicts in the medical evidence and hear such witness after said period.[5] In all other situations, we again affirm our previous holdings that these rules are directory.
In remanding this case however, as in Black v. Blue Ribbon Laundry, supra, we do so without prejudice to the rights of claimant for further hearing in appropriate proceedings for any change in condition that might have taken place.
Subject to the above, the Compensation Order reviewed is approved.
It is so ordered.
ERVIN, C. J., and ROBERTS, THOR-NAL and CARLTON, JJ., concur.

. 161 So.2d 532 (Fla.1964).

. Id. at 535.

. 231 So.2d 519 (Fla.1970).

. 234 So.2d 644 (Fla.1970).

.Fla.Stat. §§ 440.20(8) and 440.25(3) (b) (1967), F.S.A.