272 So.2d 488 (1973)
Carlos PEREZ, Petitioner,
v.
CARILLON HOTEL et al., Respondents.
No. 42518.
Supreme Court of Florida.
January 31, 1973.
L. Barry Keyfetz of Ser & Keyfetz, Miami, for petitioner.
John G. Tomlinson, Jr. of Williams & Tomlinson, Coral Gables, and Kenneth H. Hart, Jr., Tallahassee, for respondents.
*489 PER CURIAM.
This is the second appearance here of this cause. In its first appearance we reversed the order of the Industrial Relations Commission and remanded the cause to the Judge of Industrial Claims "for determination of the evidence submitted within ninety (90) days of the first hearing." See Perez v. Carillon Hotel, Fla. 1970, 231 So.2d 519. A reading of the opinion of this Court in the cited case will inform of the factual background.
On the remand the Judge of Industrial Claims ordered the employer-carrier to provide claimant such medical treatment as the nature of the injury or the process of the recovery may require and reserved jurisdiction regarding award of attorney's fees for services rendered before him.
After a review by the Commission of the order recited just above and its affirmance the cause came on for hearing before the Judge of Industrial Claims on the reserved issue regarding attorney's fees and on a claim for reimbursement to claimant of costs incurred by him in preparation of the record in connection with his successful appeal culminating in the decision in Perez v. Carillon Hotel, supra.
By order entered June 21, 1971 the Judge denied an attorney's fee, presumably on the ground there was no specific dollar amount awarded claimant on remand. The Judge also held that taxing the cost of preparation of the transcript against the unsuccessful employer is not a proper taxable cost. The Industrial Relations Commission by short-form order entered May 25, 1972, affirmed. The claimant-petitioner seeks a certiorari review of the order in these proceedings.
After careful study we reverse.
In Perez v. Carillon Hotel, supra, employer-carrier had contended the claimant was not in need of further medical care and the original order so held. But after our reversal and remand, the new order awarded the claimant further medical treatment and surgery as the nature of the injury and the process of his recovery may require. This was a victory for claimant and an attorney's fee was a necessary concomitant. Claimant's counsel need not wait until the benefits are actually or fully and finally obtained before the award of attorney's fees. See Matera v. Gautier, Fla. 1961, 133 So.2d 732. Under certain circumstances, particularly where the full extent of the benefits in terms of their money equivalent is not known, a temporary attorney's fee may be awarded. Boyd v. Southeastern Utilities Service Co., Fla. 1965, 172 So.2d 817.
We reverse with direction that the Judge of Industrial Claims determine after due hearing an attorney's fee for claimant, the same to be predicated upon factors other than a percentage of the benefits pursuant to the rationale of Lee Engineering and Construction Company v. Fellows, Fla. 1968, 209 So.2d 454.
We also agree in this particular case that pursuant to the policy of Rule 3.16 of the Florida Appellate Rules, 32 F.S.A., taxation of the cost of the preparation of the record on appeal in Perez v. Carillon Hotel, supra, against employer-carrier should follow as a necessary incident to the reversal therein. We recede from any language either expressed or implied in Parrott v. City of Fort Lauderdale, Fla., 190 So.2d 326, text 331, that may be in conflict with our holding herein concerning taxation of cost for preparation of said record.
Therefore, we also direct that on remand the Judge of Industrial Claims ascertain at the hearing on the attorney's fee the claimant's costs incurred in preparation of the record in said appeal and enter an order directing reimbursement thereof by employer-carrier to claimant.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.