DEKLE, Justice.
This cause comes before us on petition for writ of certiorari to the Industrial Relations Commission. We have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A. In accordance with F.A.R. 3.10, subd. e, 32 F.S.A., we dispense with oral argument of the cause.
Petitioner filed a claim for workmen’s compensation benefits on July 6, 1970, alleging a compensable accident on May 9, 1970, for which benefits were claimed to be due.[1] At the employer’s request, a *24 hearing on the merits was set for September 22, 1971. This hearing was cancelled and rescheduled for November 1, 1971. After this hearing was in turn cancelled and rescheduled, the hearing finally took place on August 29, 1972. Meanwhile, on January 13, 1972, the file had been returned to Tallahassee from the St. Peters-burg office, the parties having advised that a hearing was not necessary at that time.
On the morning of the hearing, and just prior to its commencement, the employer filed notices of taking depositions. During the course of the hearing itself, claimant sought to notice depositions when he realized that the employer would not agree to the receipt into evidence of certain medical reports. The Judge of Industrial Claims refused to allow depositions to be noticed for the first time at the time of final hearing. The JIC observed at this time that it was within his power under Rule 8AW-L-03[2] (hereafter cited as Rule 3) to determine the claim on the basis of the evidence submitted, and that under Rule 8AW-l.il (hereafter cited as Rule 11) the claim could be dismissed for claimant’s failure to comply with Rule 3, which provides that “claimant shall diligently prosecute his claim” and that: “[i]n no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take the testimony.” After determining that the 8-month provision of Rule 3 had not been complied with, the Judge of Industrial Claims dismissed the claim pursuant to Rule 11. This rule provides that failure to comply with Rule 3 shall be cause for dismissal upon motion of any interested party or by the Commission on its own motion. On review, the Industrial Relations Commission indicated that both parties had waived Rule 3 by appearing at the hearing ready to go forward, but that the JIC might properly invoke this rule even where both parties had waived its application. The JIC’s order dismissing the claim was accordingly affirmed.
Petitioner asserts that this course of action deprives him of due process and equal protection by denying him a hearing on his claim, that the JIC may not, without notice, dismiss a claim without hearing and without ruling on evidence already on file, and that the JIC may not, sua sponte, dismiss a claim on the basis of Rule 3 where the parties have, by their conduct, waived application of the rule.
It is clear that more than 8 months had passed since “the date set for the first hearing,” which was September 22, 1971. As we said in Black v. Blue Ribbon Laundry, 161 So.2d 532 (Fla.1964), the date specified in Rule 3 “is the date when *25 the first hearing is scheduled to be heard. If the hearing is not heard on that date, nevertheless, it remains the date set for the first hearing.” (At p. 535) Absent any waiver, the JIC would have been completely within his powers if he had determined the cause on the evidence submitted within ninety days from the date set for the first hearing (i. e., in December of 1971). Instead, however, the JIC found that claimant failed to conclude the claims within 90 days from the date set for the first hearing, or obtain an extension of time, and that more than 8 months had passed since the first hearing date set and dismissed the claim. This dismissal was based on the provision in Rule 11 providing for dismissal for failure to comply with Rule 3. Inasmuch as Rule 11 provides for a sua sponte dismissal, the JIC’s order would have been clearly proper in the absence of any waiver.
The Industrial Relations Commission specifically stated that both of the parties had, by their conduct, waived application of Rule 3, but that it could nonetheless be applied by the JIC sua sponte. In Black v. Blue Ribbon Laundry, supra, we discussed Rule 3 and stated: (p. 535)
“It is not mandatory in the sense that its provisions cannot be waived by agreement of the parties or by a cottrse of conduct such as a failure to assert the rule. The rule is directory to the extent that its provisions may be waived by agreement or conduct of the parties. However, the rule is mandatory in the sense that in the absence of such a waiver, the deputy is bound to apply it when a party claims its benefits.” (emphasis ours)
Although our opinion in B. F. Todd Electrical Contractors v. Hammond, 164 So.2d 513 (Fla.1964), states that the 90-day provision is mandatory in the sense that once the period has run, and absent application upon good cause shown for extension, the cause must be determined on the evidence which has been submitted, we specifically reaffirmed Black v. Blue Ribbon Laundry, supra, in Kramer v. Chapman & Gerber, Inc., 235 So.2d 489 (Fla.1970), citing Perez v. Carillon Hotel, 231 So.2d 519 (Fla.1970), and Sweeney v. Pine Island Citrus Groves, 234 So.2d 644 (Fla.1970). See also Knell v. Southgate Towers Restaurant, Inc., 235 So.2d 291 (Fla.1970).
If the parties, by their conduct or otherwise, waive application of Rule 3, as we indicated in Black v. Blue Ribbon Laundry was permissible, may the JIC nonetheless dismiss the claim under Rule 11 for failure to comply with Rule 3? We stated in Schollenberger v. City of Miami, 241 So.2d 385 (Fla.1970), that “Rule 3 is designed to expedite settlement of claims by establishing limitations after which claims which are not prosecuted shall be terminated.” (At p. 387) The mechanism provided by the rule to accomplish this end is the power to determine the cause on the evidence previously submitted. The associated power to dismiss under Rule 11 is more akin to the provisions of Civ.P.R. 1.420(e), 30 F. S.A. providing for dismissal for failure to prosecute.
Although the procedures in workmen’s compensation actions are intended to promote expeditious disposition of the cause, it is the parties, not the JIC, who were intended to be benefitted by the rule. If the parties, by agreement or by their actions, indicate that they are willing to waive application of the rule, the JIC may not invoke Rule 11 sua sponte to dismiss the action nor invoke Rule 3 to determine the cause on evidence previously submitted.
We observe that, in the instant case, the JIC made no finding as to waiver of these rules in his order dismissing the claim, although the Commission states that both parties waived the rule. Whether the conduct of the parties amounted to a waiver is a determination of fact, hence within the province of the JIC, whose determination is conclusive so long as his findings are supported by competent substantial evidence in accordance with logic and reason. *26 If a waiver by the parties of application of Rule 3 is found to exist in the instant cause, the JIC’s sua sponte application of Rule 3 (and hence Rule 11) was improper. Absent such a waiver, the JIC is bound to apply the rule where a party claims its benefits.
Accordingly, the petition is granted and the cause remanded to the Industrial Relations Commission for further proceedings not inconsistent with this opinion.
It is so ordered.
CARLSON, C. J., and ERVIN and Mc-CAIN, JJ., concur.
ROBERTS, ADKINS and BOYD, JJ., dissent.

. The employer had already paid temporary total disability benefits, paid for medical services, and was paying benefits for a 5% permanent partial disability of the left leg. The claim is for additional compensation benefits in excess of these amounts.

. “RULE NO. 3 — Time for Prosecuting Claim Before Deputy Commissioner—
“(a) When a claim for compensation or medical benefit is filed with the Commission, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the Deputy Commissioner on the evidence which has been submitted. For good cause shown, the Deputy Commissioner may grant such extension of time as may be reasonably required, provided application therefor is made by any party by verified petition filed with the Deputy Commissioner prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take the testimony. This does not apply to cases arising under Section 440.28, F.S.A., or to eases appealed and reversed or modified where it becomes necessary to take additional testimony, or to cases where proof is presented to the Deputy Commissioner showing that the party is in such physical or mental state that he cannot testify during the period above limited.
“(b) Whenever a hearing has been set by a Deputy Commissioner, all parties shall present their testimony on the date set or from day to day thereafter. In the event a motion for continuance is made or the parties or their counsel agree to a continuance of the cause, the same must be considered by the Deputy and if, in the Deputy’s opinion, the continuance is in the best interests of justice, and does not prejudice the rights of either of the parties, said continuance may be granted within the time limited herein for taking testimony, or any extension of such time.”