DEKLE, Justice.
By way of petition for writ of certiorari to the Industrial Relations Commission, we are again confronted with questions as to the proper application and construction of Workmen’s Compensation Rule 8AW-1.03 (hereinafter referred to as Rule 3) and Rule 8AW-l.il (hereinafter referred to as Rule ll).[1]
The initial hearing on the merits of the instant claim was scheduled for Nov. 3, 1972, but was cancelled due to the illness of claimant’s attorney and was rescheduled for Feb. 9, 1973. This hearing in turn was rescheduled for March 9, 1973, due to the commitments of the claimant’s attorney made prior to receipt of the Notice of this hearing. On Feb. 6, 1973, the employer filed a motion to dismiss pursuant to Rules 3 and 11, and an unverified motion to extend time for taking testimony was filed by claimant’s attorney on February 9, 1973. It may be noted that the rescheduling of the hearings was not due to any fault of the claimant himself, but rather was due to the illness and previous commitments of his counsel, and that the relatively long periods of time between scheduled hearing dates were necessitated by the crowded calendar. On the other hand, it is clear that the claimant, through his attorney, did fail to comply with the provision of Rule 3 requiring the testimony to be presented within 90 days of the date set for the first hearing, and that no verified petition was filed within the applicable 90-day period seeking an extension of time. No testimony was submitted in support of the claim prior to the motion to dismiss, other than the deposition of an expert witness taken by the claimant’s attorney prior to the date set for the first hearing and claimant’s appearance to have his deposition taken on the same date.
The employer has invoked the provisions of Rule 3 requiring the testimony to be taken within 90 days, and the provisions of Rule 11 providing for dismissal of a claim for failure to comply with the provisions *685 of Rule 3. These provisions were timely invoked, and no question of waiver of their benefits is presented.
A review of our varied decisions on this question is indicated. This Court stated in Black v. Blue Ribbon Laundry, 161 So.2d 532 (Fla.1964), that although Rule 3 is not mandatory in the sense that its provisions cannot be waived by agreement of the parties or by course of conduct, it is “mandatory in the sense that in the absence of such a waiver, the deputy is bound to apply it when a party claims its benefits.” This general rule has been reaffirmed on a number of occasions. See B. F. Todd Electrical Contractors v. Hammond, 164 So.2d 513 (Fla.1964); Perez v. Carillon Hotel, 231 So.2d 519 (Fla.1970); Sweeney v. Pine Island Citrus Groves, Inc., 234 So.2d 644 (Fla.1970); Smith v. Kikilis Florist, 290 So.2d 22 (Fla.1973).
We have made a complete review of the line of cases dealing with the recurring problem in the application of Rule 3 of whether a more literal, mandatory application is required (as some of the holdings mentioned above have indicated), or whether Rule 3 is more a matter of discretion in the JIC. We now clarify the view as extracted from the several cases involving Rule 3 and hold, generally consistent with our decisions, albeit they seem to vary to some degree on the point, that Rule 3 is what has been termed “directory” [2] in contrast to strictly mandatory and that the rule should be applied when its benefits are claimed except in the cases of (1) waiver by agreement or by a course of conduct of the parties justifying the extension of time in the interest of justice[3] or (2) where a valid special cause is shown for relaxation of the strict 90-day provision in which to conclude testimony.[4] These two exceptions dictate a certain degree of discretion in the JIC in such instances, but we adhere generally to the interpretation which furthers the purpose of the rule, namely, to conclude promptly the taking of testimony and disposition of the cause. The rule is not, however, to be arbitrarily invoked by the JIC where there has been a waiver by agreement or by a course of conduct of the parties amounting to a waiver of strict application of Rule 3, as in Smith v. Kikilis Florist, opinion filed Feb. 6, 1974, 290 So. 2d 22. We expressly recede from any indications appearing in prior cases, which may be contrary to the above recapitulation of the rule, such as the statement that there is a complete absence of discretion in the rule’s application, found in B. F. Todd Elec. Contractors v. Hammond, supra, which is hereby expressly overruled, as are any similar contrary statements in our prior holdings.
Sub pidice there has been no waiver by the employer of the benefits of the rule, either by agreement or by course of conduct, and he has timely invoked its benefits. However, Perez v. Carillon Hotel, supra, compels the very result in (2) above that is dictated by special circumstances, absent a waiver. Perez expressly recognizes the general rule first set forth in Black v. Blue Ribbon Laundry, supra-, it further states, however (231 So.2d at page 521) :
“We also recognize that cause for relaxation of Rule 3 might arise under rare circumstances where strict application of the rule would offend due process of law.”
*686 The instant cause provides just such circumstances. Strictly to apply Rules 3 and 11 in the instant case would deprive this claimant of any benefits which may be due him under the provisions of our Workmen’s Compensation Law without his ever having had an opportunity to present the evidence which would support his claim for compensation payments. This much, of course, is true in any case in which Rule 3 is applied. However, the circumstances before us present other factors which impel us to conclude that strict application of the rule should be relaxed here. Claimant certainly should not be held responsible for the crowded condition of the dockets which caused the subsequent hearings to be set at a time in excess of the 90-day limitation provision of Rule 3. Nor is he to be blamed for the illness or prior commitments of his counsel which necessitated the postponements of the hearings to such subsequent dates. Indeed, if there is any blame to attach, it should attach to the claimant’s counsel, who failed to file the required verified petition for extension of time; even in this, though, there are mitigating circumstances, in that the record clearly discloses that claimant’s counsel was under the impression that the granting of a continuance by the JIC (which had been obtained) was, in effect, the equivalent of the granting of an extension of time for the taking of testimony.
To deprive the claimant of whatever benefits he may be due under our compensation act because of an understandable oversight or misapprehension of his counsel in the circumstances here would offend due process of law and the spirit of the Act. This cause, therefore, falls within the exception noted in Perez v. Carillon Hotel, supra. Both the Judge of Industrial Claims and the Industrial Relations Commission, which affirmed the JIC’s denial of the employer’s motion to dismiss, were correct in declining strictly to apply Rules 3 and 11 in the particular circumstances sub judice.
Accordingly, the petition is denied and the order of the Industrial Relations Commission is affirmed.
It is so ordered.
ADKINS, C. J., and ERVIN, McCAIN and OVERTON, JJ., concur.
ROBERTS, J., dissents.
BOYD, J., dissents with opinion.

. Eff. Jan. 1, 1974, these rules are now referred to as Rules 8 and 30, Workmen’s Comp. Rules of Procedure. See In Re Workmen’s Compensation Rules of Procedure, 285 So.2d 601 (Fla.1973).

. As we observed in Kramer v. Chapman & Gerber, Inc., 235 So.2d 489 (Fla.1970), after noting some of the circumstances in which strict application of the rule is not required: “In all other situations, we again affirm our previous holdings that these rules are directory.”

. Black v. Blue Kibbon Laundry, 161 So.2d 532 (Fla.1964; Knell v. Southgate Towers Restaurant, Inc., 235 So.2d 291 (Fla.1970); Kramer v. Chapman & Gerber, Inc., supra, note 1.

. Perez v. Carillon Hotel, 231 So.2d 519 (Fla.1970); Sweeney v. Pine Island Citrus Groves, Inc., 234 So.2d 644 (Fla.1970).