ON REHEARING GRANTED
DEKLE, Justice.
It is brought to our attention for the first time on this rehearing that the record does not reflect the required certification to the IRC by the JIC under IRC Rule 6(b) that appellant (claimant) had failed to make the required deposit for transcript. It was on this sole ground and under this very rule that the IRC dismissed the appeal. The total transcript was in the hands of the IRC at the time of the dismissal and verified by the JIC. Such verification, coupled with an absence of the JIC certification of failure to make the deposit for transcript present inconsistent actions calculated to lull a petitioner into concluding that all was well on the transcript.
There had been a petition of insolvency, during the pendency of which the deposit was tolled by the express provision of IRC Rule 6(c). Claimant was partially successful in being required to pay only a portion of the cost of transcript. It is clear that an indigent claimant may not be precluded from an appeal solely by reason of his indigency. Honeywell, Inc. v. Haley, 216 So.2d 745 (Fla.1968).
Since the question of insolvency is now resolved, upon prompt payment by the claimant of his share of the costs, the review should proceed on the record in the hands of the IRC.
We do not by this ruling recede from this Court’s consistent holding requiring compliance with the rule[1] but we also point to the underlying justice in an application under peculiar circumstances such as these, as we have said in regard to the JIC’s discretion with respect to IRC Rule 3, “where a valid special cause is shown for relaxation of the strict 90-day provision in which to conclude testimony.” [2]
*391 The writ of certiorari is accordingly granted without argument and the cause is remanded to proceed with the review upon the commission granting such extension of time as shall now reasonably he required for briefs and any oral argument permitted in the matter.
It is so ordered.
ADKINS, C. J., and ERVIN, BOYD, McCAIN and OVERTON, JJ., concur.
ROBERTS, J., concurs in judgment only.

. Gen. Accid. Group v. Lieber, 146 So.2d 896 (Fla.1962); McKinney v. Deel Motors, Inc., 6 F.C.R. 27 (1965), cert. den. 184 So.2d 644 (Fla.1966).

. Tropicana Products, Inc. v. Parrish, 293 So.2d 683 (Fla.1974); Smith v. Kikilis Florist, 290 So.2d 22 (Fla.1974); Maysles v. May, 251 So.2d 251 (Fla.1971).