DANIEL TUNELL, Employee, Plaintiff v. RESOURCE MFG/PROLOGISTIX, Employer, AMERICAN CASUALTY COMPANY, Carrier (GALLAGHER BASSETT, Third-party Administrator), Defendants

No. COA12-103

(Filed 7 August 2012)

**Workers' Compensation—temporary partial disability—no deduction for wages earned from concurrent employer**

The Industrial Commission erred in a workers' compensation case by calculating plaintiff employee's partial disability compensation pursuant to N.C.G.S. § 97-30. A defendant employer cannot deduct wages earned from a concurrent employer in calculating the defendant employer's obligation to pay partial disability compensation. The portion of the opinion and award calculating plaintiff's temporary partial disability compensation was reversed and remanded.

Appeal by plaintiff from Opinion and Award by the North Carolina Industrial Commission entered 21 November 2011. Heard in the Court of Appeals 10 May 2012.

*R. James Lore, Attorney at Law, by R. James Lore, for the plaintiff.*

*Teague Campbell Dennis & Gorham, LLP, by John A. Tomei and Tara Davidson Muller, for the defendants.*

THIGPEN, Judge.

Daniel Tunell ("Plaintiff") appeals from an Opinion and Award of the North Carolina Industrial Commission ("Full Commission") awarding him temporary partial disability compensation. We must decide whether a defendant-employer can deduct wages earned from a concurrent employer in calculating the defendant-employer's obligation to pay partial disability compensation pursuant to N.C. Gen. Stat. § 97-30 (2009). Because North Carolina law does not allow aggregation of wages from concurrent employment in calculating a plaintiff's average weekly wages, by extension, we hold that an employer cannot deduct wages earned from a concurrent employer in calculating partial disability compensation. Accordingly, we reverse the portion of the Opinion and Award calculating Plaintiff's temporary partial disability compensation and remand for entry of an Opinion and Award consistent with this opinion.

## I. Factual and Procedural Background

On 23 March 2010, Plaintiff was employed full-time by Resource MFG ("Employer") and sustained a compensable injury by accident arising out of and in the course of his employment when his left foot was injured. After his injury, Plaintiff was unable to return to work with Employer and was subsequently terminated by Employer. On the date of his injury, Plaintiff was also employed at Ross Dress-for-Less ("Ross"). After his injury, Plaintiff returned to work at Ross. Plaintiff subsequently filed a workers' compensation claim against Employer.

An Opinion and Award was entered by a deputy commissioner on 17 May 2011 concluding, in part, that Plaintiff was entitled to "temporary partial disability compensation at the rate of two thirds the difference between his average weekly wage at the time of his 23 March 2010 injury of $430.77 and the average weekly wages he earned thereafter while working for Ross Dress-for-Less[.]" Plaintiff disagreed with the method used to calculate compensation under N.C. Gen. Stat. § 97-30, and he filed a Motion to Reconsider and Modify Opinion and Award. When his motion was denied, Plaintiff appealed to the Full Commission.

On 21 November 2011, the Full Commission filed an Opinion and Award upholding the deputy commissioner's method of calculating compensation. Specifically, the Full Commission concluded, in part, as follows:

5.  Based upon the preponderance of the credible vocational and medical evidence of record, including his work for Ross Dress-for-Less, and as a result of his March 23, 2010 injury by accident, Plaintiff is entitled to be paid by Defendants temporary partial disability compensation at the rate of two thirds the difference between his average weekly wage at the time of his March 23, 2010 injury of $430.77 and the average weekly wages he earned thereafter while working for Ross Dress-for-Less commencing in May 2010 and continuing through the present until such time as he returns to work at his pre-injury wage level, or further Order of the Commission, but subject to the statutory maximum period of three-hundred (300) weeks. N.C. Gen. Stat. § 97-30.

Plaintiff appeals from the 21 November 2011 Opinion and Award, contending that the Full Commission erred by calculating his partial disability compensation pursuant to N.C. Gen. Stat. § 97-30 because Employer should not receive a credit for Plaintiff's post-injury earnings from Ross.

## II.  Analysis

"[O]n appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted). "This Court reviews the Commission's conclusions of law *de novo.*" *Deseth v. LensCrafters, Inc.*, 160 N.C. App. 180, 184, 585 S.E.2d 264, 267 (2003).

N.C. Gen. Stat. § 97-30 governs the calculation of partial disability compensation and states in relevant part:

> Except as otherwise provided in G.S. 97-31, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such disability, a weekly compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter[.]

N.C. Gen. Stat. § 97-2(5) (2009) defines "average weekly wages" as "the earnings of the injured employee in the employment in which he was working at the time of the injury[.]" "Results fair and just, within the meaning of G.S. 97-2[], consist of such 'average weekly wages' as will most nearly approximate the amount which the injured employee would be earning were it not for the injury, in the employment in which he was working at the time of his injury." *Liles v. Electric Co.*, 244 N.C. 653, 660, 94 S.E.2d 790, 796 (1956) (emphasis omitted).

In interpreting "average weekly wages" pursuant to N.C. Gen. Stat. § 97-2(5), it is clear from our case law that a plaintiff cannot aggregate or combine his wages from more than one employment in calculating his compensation rate. *See McAninch v. Buncombe County Schools*, 347 N.C. 126, 134, 489 S.E.2d 375, 380 (1997) (holding that "the definition of 'average weekly wages' and the range of alternatives set forth in the five methods of computing such wages, as specified in the first two paragraphs of N.C.G.S. § 97-2(5), do not allow the inclusion of wages or income earned in employment or work other than that in which the employee was injured"); *see also Barnhardt v. Cab Co.*, 266 N.C. 419, 429, 146 S.E.2d 479, 486 (1966) (holding that "in determining plaintiff's average weekly wage [pursuant to N.C. Gen. Stat. § 97-2(5)], the Commission had no authority to combine his earnings from the employment in which he was

injured with those from any other employment"), *overruled on other grounds by Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 347 S.E.2d 814 (1986). Thus, for purposes of computing compensation rate where a plaintiff worked two separate jobs at the time of injury, his average weekly wages are determined only from the earnings of the employment in which he was injured. *See McAninch*, 347 N.C. at 134, 489 S.E.2d at 380; *see also Barnhardt*, 266 N.C. at 429, 146 S.E.2d at 486.

However, our review of North Carolina law does not reveal, nor did either party cite, a case deciding whether a defendant-employer can deduct wages earned from a concurrent or second employer in calculating the defendant-employer's obligation to pay partial disability compensation pursuant to N.C. Gen. Stat. § 97-30. Plaintiff contends that since North Carolina does not allow aggregation of wages from concurrent employment to determine the compensation rate, wages earned in concurrent employment should also be disregarded in computing partial disability. Defendants argue that wages earned from any source, including concurrent employment, must be included in computing partial disability. We agree with Plaintiff.

The issue raised in the instant case appears to be one of first impression in our appellate courts. According to 5 Larson's Workers' Compensation Law § 93.03[1][g] (2011):

> When aggregation of wages from concurrent employments is disallowed, the effect, as has been noted, is often to relegate the claimant to a part-time wage basis, although his or her actual earnings have been that of a full-time worker. Sometimes the harshness of the result is mitigated by a holding that, since wages in the concurrent employment were not considered in computing prior earnings, they will likewise be disregarded in appraising the degree of disability after the accident.

(internal citation omitted). Other jurisdictions have adopted the approach discussed in Larson's. For example, the Supreme Court of Florida has held that "[i]f earnings from concurrent employment, engaged in by claimant at the time of the injury, are excluded from determination of the average weekly wage, i.e., pre-injury earning capacity, earnings from that same employment should also be excluded from the determination of post-recovery earning capacity." *Parrott v. City of Fort Lauderdale*, 190 So.2d 326, 329 (1966), *receded from on other grounds, Perez v. Carillon Hotel*, 272 So.2d 488 (1973). This holding, however, is subject "to the proviso that to the extent

that the claimant, after injury, enlarges his participation in the concurrent employment as a substitute for the employment in which he was injured, then such enlarged participation may be considered in determining post-recovery earning capacity." *Id.* The Court of Appeals of New York similarly held that "if claimant's average wage before the accident is determined on the basis only of earnings from the employment in which he suffered the injury, reason and fairness demand that the earnings after the accident should likewise be limited to wages from that same employment[.]" *Brandfon v. Beacon Theatre Corporation,* 300 N.Y. 111, 114 (1949) (quotation marks omitted).[1] Although not binding on this Court, the North Carolina Industrial Commission has also addressed the issue raised in the present case and reached a similar conclusion.[2]

---

1. We note that the Florida and New York statues governing the calculation of temporary partial disability compensation do not contain the exact same language as N.C. Gen. Stat. § 97-30. However, because all three statutes provide for the subtraction of post-injury wages from pre-injury average weekly wages, we find *Parrott* and *Brandfon* instructive. *See* Fla. Stat. § 440.1 (2011) (stating that "in case of temporary partial disability, compensation shall be equal to 80 percent of the difference between 80 percent of the employee's average weekly wage and the salary, wages, and other remuneration the employee is able to earn postinjury, as compared weekly"); *see also* N.Y. Workers' Comp. Law § 15(5) (McKinney 2012) (stating that for temporary partial disability "the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or other employment").

2. In *Haire v. Norwest Corporation* (I.C. No. 569750. Opinion and Award for the Full Commission by Bernadine S. Balance, filed 7 April 1999) (citations omitted) (emphasis added), the Industrial Commission stated as follows:

At the time of injury, plaintiff worked in two separate jobs. It is clear from the prevailing law (and is not an issue herein) that plaintiff's average weekly wage should be determined from the employment of his injury. Plaintiff was able in the instant case to return to work within a short period of time in his part-time employment, but was totally disabled from work in his job of injury. The issue presented herein is whether the defendant, who is allowed by law to disregard plaintiff's pre-injury wages at his second or concurrent job for purposes of computing average weekly wage, can receive a credit for those same "disregarded" wages when calculating defendant's obligation to pay temporary partial disability. This issue does not appear to have been specifically addressed by our appellate courts. In the Interlocutory Opinion and Award by the Full Commission in the instant case, this panel adopted the analysis of the Full Commission in *Karen McGuire v. Mid Atlantic Marketing, Incorporated,* I.C. File Number 457082 (May, 1996) which determined that in computing "partial disability", plaintiff's average weekly wage in the employment of injury and the second job must be considered. Although this Full Commission panel agrees that in computing partial disability, wages from both of his employments should be considered, it appears that the Larson's preferred rule used by the deputy commissioner herein should be followed. *Accordingly, since North Carolina does not allow aggregation of*

Adopting the reasoning in the above cited sources, we hold that since our statutes and case law do not allow aggregation of wages from concurrent employment in calculating a plaintiff's average weekly wages pursuant to N.C. Gen. Stat. § 97-2(5), by extension, an employer cannot deduct wages earned from concurrent employment in calculating the employer's obligation to pay partial disability compensation pursuant to N.C. Gen. Stat. § 97-30. We note, however, that this holding may not apply in situations where the post-injury employment is found to have been enlarged or used as a substitute for the loss of earnings in the injury producing employment.

In reaching this holding, we note that "the General Assembly enacted our workers' compensation act considering what it deemed 'fair and just' to *both* parties." *Thompson v. STS Holdings, Inc.*, ____ N.C. App. ____, ____, 711 S.E.2d 827, 832 (2011) (emphasis in original). We believe the approach adopted by this Court is fair to the employee because it excludes from the determination of post-injury average weekly wages any earnings that were excluded from the determination of pre-injury average weekly wages. *See* N.C. Gen. Stat. § 97-30 (providing that the employer shall pay the injured employee "a weekly compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter"). Furthermore, the approach is fair to the employer because it does not require him to pay compensation based upon earnings from concurrent employment. *See Barnhardt*, 266 N.C. at 427, 146 S.E.2d at 485 (stating that "to combine plaintiff's wages from his two employments would not be fair to the employer").

In this case, Plaintiff was working concurrently for Ross and Employer when he was injured while in the employment of Employer. The parties stipulated that Plaintiff's "average weekly wage is $430.77[,]" which included only the earnings from Employer. Thus, Plaintiff's earnings from Ross were not included in the calculation of his average weekly wages before his injury. However, the Full Commission subtracted Plaintiff's post-injury earnings from Ross in calculating Employer's obligation to pay temporary partial disability. Following the holding of this opinion, because Plaintiff's earnings from Ross were not included in his average weekly wages before his

_wages from concurrent employment to determine the compensation rate, wages earned from concurrent employment will be disregarded in determining the extent of disability._ However, if the concurrent employment were enlarged or resorted to as a substitute for loss of earning from the employment where the employee was hurt, then the additional wages would be considered.

injury, the Full Commission erred by subtracting Plaintiff's post-injury earnings from Ross in calculating Employer's obligation to pay temporary partial disability compensation. Accordingly, we reverse the portion of the Opinion and Award calculating Plaintiff's temporary partial disability compensation and remand for entry of an Opinion and Award consistent with this opinion.

REVERSED AND REMANDED.

Judges ELMORE and GEER concur.