THORNAL, Justice.
We have for review an order of the Florida Industrial Commission affirming an order of a deputy commissioner who had dismissed a claim for modification of an award.
Our decision turns on the proper construction of Fla.Ind.Com. Rule No. 3.
Knight, while employed by Munday, sustained a compensable injury on August 14, 1958. On May 26, 1960, the deputy awarded benefits for a 42)/£ % permanent partial disability of the body as a whole. On July 29, 1963, Knight filed a petition for modification and further medical care. This was based on an alleged change of condition or mistake of fact. No hearing on this petition was requested. On August 19, 1966, the employer moved to dismiss the proceeding pursuant to Fla.Ind.Com. Rule No. 11. The motion was grounded on a violation of Rule No. 3, supra. The deputy granted the motion and dismissed the proceeding. This order was affirmed by the Full Commission. The latter Order is now here for review. We shall refer to the subject rules as they are numbered by the respondent Commission. They are otherwise cited as Fla.Admr.Code, Rules 185W-1.03 and 185W-l.il.
The pertinent part of Rule No. 3, supra, reads:
“(a) When a claim for compensation or medical benefit is filed with the Commission, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the Deputy Commissioner on the evidence which has been submitted. For good cause shown, the Deputy Commissioner may grant such extension of time as may be reasonably required, provided application therefor is made by any party by verified petition filed with the Deputy Commissioner prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months from the date set for the first hearing to take the testimony. This does not apply to cases arising under Section 440.28, Florida Statutes * (emphasis added)
Rule 11, supra, provides that a failure to comply with “Rule No. 3 * * * shall be cause for dismissal upon Motion of any interested party or by the Commission on its own motion.”
In affirming the deputy, the Full Commission had the view that a claim could be dismissed for lack of prosecution under Rule No. 3 even though no “first hearing” had been set as required by the second and fourth sentences of the Rule.
The petitioner claims that the language of the rule is clear and specific. He insists that the Commission had previously construed the Rule to require that a date be set for a first hearing before the time for submitting evidence would begin to run and also before the eight month overall limitation on the taking of testimony could be started.
In Munsinger v. Edge, 1 FCR 103 (1953), cert. denied, Edge v. Florida Industrial Commission, 85 So.2d 757 (Fla.1955), the Commission held that the “passage of time does not of itself terminate the pendency of a proceeding.” It reversed an order of a deputy who dismissed a claim which had not been prosecuted for five years after it was filed. After announcing the quoted statement, the Commission noted that no motion for dismissal was ever made under Rule No. 11.
*359 In Pearson v. Clinton Foods, Inc., 3 FCR 401 (1959), the Full Commission appears to have applied the Rule as urged by respondent here. However, the point was not litigated and the holding was really of no consequence because the claimant had filed a second claim within the statutory filing period and this claim was allowed to stand for adjudication on the merits.
The respondent Commission’s interpretation of Rule No. 3, supra, was clearly announced after detailed consideration in Samergedes v. Royal Baking Company, Inc., Dec. No. 2-1355 (1964), cert. denied, Royal Baking Company, Inc., v. Samergedes, 170 So.2d 842 (Fla.1964). There the deputy sustained a Rule No. 11 Motion to dismiss on Rule No. 3 “failure to prosecute grounds” even though no “first hearing” had been set. His order of dismissal was reversed. The Full Commission held:
“We are constrained to hold that the deputy erred as a matter of law in dismissing the instant claim. An analysis of Rule 3 indicates that there is more to said rule than the first sentence thereof and that the first sentence which reads as follows: ‘When a claim for compensation or medical benefit is filed with the Commission, claimant shall diligently prosecute his claim.’ must be construed in pari materia with the remainder of the paragraph. It is our view that ‘diligent prosecution,’ which in and of itself is a ‘nebulous1 term, refers to prosecution after the date set for the first hearing and the rule itself provides the penalties for failure to diligently prosecute following the date set for the first hearing on the claim.” (emphasis added.)
We declined to review Samergedes when it was brought to us by application for certiorari. Our order which appears at 170 So.2d 842, supra, merely denied certiorari, finding that there had “been no deviation from the essential requirements of the law.” We have, however, examined the Samergedes record and briefs to determine that the primary question presented was in substance identical with the issue tendered in the matter now before us. While ordinarily a mere denial of certiorari comprehends no decision on the merits, our scope of review of workmen’s compensation orders is somewhat broader than in traditional certiorari. In these matters we consider whether the Commission has “acted strictly according to law” and whether there was “substantial competent evidence” to support the order. Wilson v. McCoy Mfg. Co., 69 So.2d 659 (Fla.1954). In denying certiorari in Samergedes, therefore, we must have decided that the Commission there did “act strictly according to law” when it denied dismissal of a claim in the absence of a setting of a first hearing date despite the passage of time. In effect we approved this interpretation of Rule No. 3, supra.
Previously, in a case which did not reach us, the respondent Commission announced the same interpretation of the subject Rule. In Junius v. Cresthaven Homes, 4 FCR 373 (1961), the Commission held:
“Rule 3 should be construed that the requirement that the ninety days and eight months’ limitation periods, referred to, commence to run from the date the cause is set for hearing. Reliance of the employer and carrier on the expiration of the ninety-day period and eight-month period contained in Rule 3 must fall for the reason that at no time was the claim ever set down for a hearing on its merits, the first scheduled hearing having occurred as a result of the Motion to Dismiss. If the employer and carrier had wanted to initiate the running of the limitation periods provided in Rule 3, they could have requested the claim be set for a hearing pursuant to Section 440.25(3) (a), Florida Statutes, which states that a hearing on a claim shall be ordered ‘upon application of any interested party.’ ” (Emphasis added.)
We have quoted at some length from the two Commission decisions because *360 they present clear and succinct analyses of the subject Rule. Without any effort to distinguish these decisions, the Commission, in the instant case, merely disregards them in order to reach a contrary conclusion. The established administrative interpretation of an agency’s own rule should be accorded great weight. Black v. Blue Ribbon Laundry, 161 So.2d 532 (Fla.1964). This rule of interpretation is especially persuasive, if not conclusive, when it has received judicial sanction, as was the situation here.
We agree with the Commission’s statement in Samergedes to the effect that some provisions of Rule No. 3, supra, are at best “nebulous.” The litigation dockets suggest that the Rule could be made much clearer. We recognize the importance of the announced policy that workmen’s compensation matters should- be expedited, Black v. Blue Ribbon Laundry, Inc., supra. If the parties fail to do this, the industrial judge (formerly deputy) should be armed with a rule that would enable him to require them to do so. As of now, he does not appear to have such equipment in his procedural armory.
Under the circumstances here presented the petitioner was entitled to rely on the Commission’s previous interpretation of its own rule and his petition should not have been dismissed. While we greatly disapprove of the delays evidenced by this record, we conclude that it was error to dismiss the claim on the grounds stated.
The order of the Full Commission is quashed and the cause is remanded with directions to return it to the deputy commissioner, or industrial judge, for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C. J., DREW, J., and SPECTOR, District Court Judge, concur.
THOMAS, J., dissents.