ADKINS, Justice.
By petition for writ of certiorari, we are asked to review an order of the Florida Industrial Relations Commission, formerly the Florida Industrial Commission, which vacated a compensation award entered by a deputy Commissioner and ordered new findings of fact excluding some evidence received by the Deputy Commissioner.
Although many issues are urged upon us, only one need concern us as this case is now postured, which is the application of the Commission’s Procedure Rule 3 to this case.
Petitioner Knell is a 67-year-old man who has worked most of his life as a chef. He was so employed by respondent in June, 1963, when he sustained a compensa-ble accident. As a result, the parties stipulated to a ten per cent permanent partial disability as a whole settlement, which was approved by the Judge of Industrial Claims in July, 1964. Subsequently, petitioner’s condition allegedly worsened, with increasing pain and disability and decreasing ability to earn a livelihood. Pursuant to Fla. Stat. § 440.28, F.S.A., which permits modification of compensation awards on grounds which include change of condition, petitioner in April, 1966, petitioned to modify the compensation award. The employer and carrier defended on grounds not before us now.
The first date scheduled for hearing before the Judge of Industrial Claims was January 3, 1967. The first hearing was held July 26, 1967, at which time the claimant notified the examiner that he could not complete his case in one day. The second hearing, scheduled as soon as the Commission’s crowded docket would permit, was held February 7, 1968. Based on evidence received at both hearings, the Judge granted petitioner’s request for a modification, and found he was entitled to an additional five per cent permanent partial disability.
The respondent appealed the order to the Industrial Commission, assigning numerous grounds which have been preserved. The Commission reversed, on ■ the sole ground that Rule 3 had not been waived by respondent or his counsel, and therefore the order of the Judge of Industrial Claims was based on invalid evidence. The Commission ordered new findings, based upon consideration only of evidence received at the July 26, 1967 hearing, and disregarding evidence produced at the hearing February 7, 1968. It appears that if evidence received at the latter hearing is disregarded, claimant may be unable to sustain his case.
Rule 3, the application of which is central to the controversy before us, provides simply that the time for taking of testimony shall not be extended on application of any party beyond eight months from the date set for the first hearing.
In the present case, the date set for the first hearing was January 3, 1967. The first hearing actually held on July 26, 1967, was within the eight-month period. The second hearing held February 7, 1968, was not within eight months. The Commission noted that the record shows the respondent’s counsel objected to the second hearing and resisted waiving Rule 3 benefit. However, the record also discloses conduct which could be construed to be a waiver of the Rule 3 limitations period, reliance by claimant and his counsel, and detriment resulting if the limitations period is enforced.
*293 Commission’s Procedure Rule 3 was before us for examination in Black v. Blue Ribbon Laundry, 161 So.2d 532 (Fla.1964). We recognized the authority of the Industrial Commission to issue binding rules to control the administration of the workmen’s compensation program. We held that the eight-month period of the rule ordinarily will be binding on the Judge, but may be waived by the parties, stating (at 535):
“We have the view, however, that Rule 3, supra is not mandatory in the sense that it establishes jurisdictional conditions precedent upon the conduct of a deputy commissioner. It is not mandatory in the sense that its provisions cannot be waived by agreement of the parties or by a course of conduct such as a failure to assert the rule. The rule is directory to the extent that its provisions may be waived by agreement or conduct of the parties. However, the rule is mandatory in the sense that in the absence of such a waiver, the deputy is bound to apply it when a party claims its benefits.”
See Perez v. Carillon Hotel, 231 So.2d 519 (Fla.1970) and Sweeney v. Pine Island Citrus Groves, Inc., 234 So.2d 644 (Fla.1970), opinion filed April 15, 1970.
In the present case, there is no question but that the respondent’s counsel attempted to claim the benefit of the rule. If he succeeded, then the hearing held February 7, 1968, is invalid and evidence received therein cannot be the foundation for an order by the Deputy Commissioner.
However, the record discloses a good deal of uncertainty as to whether the conduct of respondent’s counsel may have risen to the quality of a waiver, even if unintentional.
What the record does show is that counsel for claimant relied, or stated he relied, on an interpretation of the standing of the case, regarding Rule 3, given him by the secretary of respondent’s counsel. Respondent’s counsel states he does not remember waiving the benefit of Rule 3, did not believe he could waive it, and that because he was unwilling to put his secretary in the position of confrontation with claimant’s counsel, he withdrew a letter objecting to the apparent waiver of Rule 3.
In summary, what the record shows is a factual controversy as to whether or not respondent’s counsel actually did waive the benefit of the Rule, or whether he intentionally or unintentionally personally or through his employees, led claimant’s counsel to believe he was waiving. It may also be noted that there was evidence in the case to indicate that a waiver of Rule 3 limitations actually was made, or if made erroneously apparently was allowed to stand.
Whether or not a waiver by conduct does exist in this case is a question of fact which came before the hearing examiner, upon which he received evidence, and which he resolved in favor of the claimant.
After examination of the record, we conclude that the decision of the hearing examiner comports with logic and reason, and is supported by substantial, competent evidence. See Black v. Blue Ribbon Laundry, supra; Knight v. Munday Plastering Co., 220 So.2d 357 (Fla.1969).
The decision of the Commission is therefore quashed and the ruling of the Deputy Commissioner is reinstated. This case is remanded to the Commission for further consideration of the remaining questions raised by respondent and claimant.
It is so ordered.
ERVIN, C. J., and THORNAL, CARLTON and BOYD, JJ., concur.