ERVIN, Justice.
In these two consolidated workmen’s compensation cases we consider petitions for review of claimant Hans Knell and of employer/carrier Southgate Towers Restaurant, Inc., and Insurance Company of North America, addressed to the order of the Industrial Relations Commission entered subsequent to our remand in an earlier review of this case in Hans Knell v. Southgate Towers Restaurant Inc., Fla., 235 So.2d 291.
Many of the facts of this controversy are related in the Knell case, supra, and need not be repeated here.
The salient portion of the order of the Commission here under review recites that pursuant to the remand it reviewed the order of the Judge of Industrial Claims dated June 13, 1968 granting claimant’s petition for modification of a former compensation order of July 8, 1964 in which modification order of June 13, 1968 additional compensation based on 5 per cent permanent disability of the body as a whole was awarded by the Judge of Industrial Claims and an attorney’s fee in the sum of $300; and that it affirms the 5 per cent award because it concludes the effect of this Court’s decision in Knell v. Southgate Towers Restaurant, Inc., supra, was to reinstate the Judge of Industrial Claims’ said award. However, it reversed the attorney’s fee, finding it not to be supported by the kind of evidence required by Lee Engineering and Construction Co. v. Fellows, Fla., 209 So.2d 454, and remands the case to the Judge of Industrial Claims to hold such hearings as he may deem necessary concerning the fixing of an attorney’s fee.
Overlooked by the Commission is the direction in Knell v. Southgate Towers Restaurant, Inc., supra, that the case is remanded to the Commission for “further consideration of remaining questions raised by respondent and claimant.” Its order is silent as to any consideration by it of such questions.
The claimant’s petition alleges the order of the Commission in respect to the modifying award of 5 per cent permanent disability of the body as a whole is a departure from the essential requirements of workmen’s compensation law because: (a) the Judge of Industrial Claims was in error when he awarded to the claimant compensation for his physical impairment for an injury occurring on June 16, 1963, since under then existing law the only proper award could have been one for loss of wage earning capacity; (b) such loss of wage earning capacity was upwards of 75 per cent of the body as a whole while the Judge of Industrial Claims found it did not exceed claimant’s additional 5 per cent physical impairment and, (c) the Judge of Industrial Claims erred in not finding claimant to be suffering from a 20 per cent permanent partial disability due to psychiatric problems.
The petition of employer/carrier agrees with claimant that the Commission erred in affirming the Judge of Industrial Claims’ order granting modification on the basis of an increase in anatomical disability when the case is governed by the statute as it existed on the date of accident, June 16, 1963, i. e., F.S. section 440.15(3) (u), F.S.A., providing for awards on unscheduled injuries solely on the basis of earning capacity loss.
Employer/carrier alleges the Commission erred in affirming the Judge of Industrial Claims’ order granting modification because the original order based on stipulation and the increased anatomical disability found in the order of modification taken together total only 10 per cent and the claimant had been paid 10 per cent under the original stipulation. Employer/carrier claims error in the Judge of Industrial Claims’ modification order alleging the only medical testimony of change was given by a physician who testified initially on July 26, 1967 there was no change in claimant’s condition but was permitted to vary his testimony at a hearing held on February 7, 1968. Further, *59 that the Judge of Industrial Claims erred in granting modification when he found that the change of condition was not in existence when the petition therefor was filed and did not occur until after February 17, 1967 when the statute of limitations had expired.
It is obvious from a cursory reading of the Commission's order under review it did not follow our instructions on remand and give “further consideration of remaining questions raised by respondent and claimant.” True, it did affirm the order of June 13, 1968 for additional compensation based on S per cent permanent disability of the body as a whole. But in doing so it indicated it merely followed this Court’s decision in Knell which we note was restricted to a determination of whether Rule 3 of the Commission was waived and not otherwise. Our decision did not pass upon the factual question concerning the additional compensation based on 5 per cent permanent disability of the body as a whole, nor did we order reinstatement of the Judge of Industrial Claims’ compensation order thereon as the Commission mistakenly concludes. Consequently the Commission gave the wrong reason for its order of affirmance. Moreover, in so doing it did not take into account whether claimant and employer/carrier were correct in their contentions that Section 440.15(3) (u) applied in determining the compensation to be awarded under the petition for modification, which determination is basic to a correct compensation order thereunder.
Consequently, we are of the opinion the “law of the case” enunciated in the Knell case was not followed by the Commission.
While we regret that further delay and piecemeal handling must ensue, nevertheless under due process the parties are entitled to their administrative review by the Commission and perhaps by the Judge of Industrial Claims, if the Commission so requires. However, we are in agreement with the contentions of both parties that F.S. section 440.15(3) (u), F.S.A., as it existed on June 16, 1963 is applicable as to the first question posed by each of them. See Phillips v. City of West Palm Beach, et al., Fla.1954, 70 So.2d 345.
Other questions posed by the parties are remanded to the Commission for review and determination as originally instructed in our decision in Knell v. South-gate Towers Restaurant, Inc., supra.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS and BOYD, JJ„ concur.