PER CURIAM.
The City of Miami, respondent, seeks review of an order directing it to pay petitioner dependency benefits from September 1, 1972 to November 1, 1973 at a compensation rate of $56.00 per week plus interest pursuant to the September 5, 1974 order of the Judge of Industrial Claims in this action on petitioner’s application for rule nisi enforcement of this September compensation order. The salient facts are as follows.
Petitioner’s husband, Leonard Olson, while in the employ of the City of Miami was moving a heavy cabinet when he suffered a heart attack resulting in his death shortly thereafter. Leonard’s widow, Betty Jane Olson, filed a claim for workmen’s compensation benefits against the City. The parties settled the claim and the settlement, ratified by the Judge of Industrial Claims on May 15, 1972, reads in pertinent part:
“6. That in order to resolve the claimant widow’s entitlement to dependency benefits, both monetarily, as well as the period of time she is legally entitled to receive such benefits, and, additionally, ■in order to avoid further litigation, with its attendant costs, the parties do hereby stipulate and agree that $13,500.00 is the fair and reasonable present value of the claimant widow’s entitlement to dependency benefits under the provisions of Section 440.16, Florida Statutes.

“9. In addition to the $13,500.00[1] the employer has stipulated to pay the claimant widow as compensation lump sum in the amount of $4,377.13 without the right of set-off, discount or reimbursement from any other source or fund
Mrs. Olson also was entitled to her husband’s pension payable to her on his demise. Appellant City, in spite of the stipulation, took the position that pursuant to § 440.09(4),[2] Fla.Stat. and local municipal *890 ordinance, it was entitled to deduct and, in fact, did deduct from the pension benefits the workmen’s compensation benefits being paid to Mrs. Olson who, contending that the City wrongfully suspended benefits payable pursuant to the stipulation, complained to the Judge of Industrial Claims. After a hearing, at which the City defended its position of being entitled to a set-off for workmen’s compensation from pension benefits, the Judge of Industrial Claims on January 8, 1973 entered an order finding that the City had agreed by the terms of the stipulation not to claim a set-off of' workmen’s compensation benefits and, therefore, was not entitled to such a set-off. The order further directed the City to pay Mrs. Olson $56 per week and not to take a credit from pension benefits being paid to her. The City filed an application for review to the Industrial Relations Commis-ion, which, by order of June 21, affirmed the January 8 order of the Judge of Industrial Claims. The City petitioned the Florida Supreme Court for a writ of certiorari to review the June 21 order and for the first time raised the issue of whether a judge of Industrial Claims has jurisdiction over[1] the City’s pension fund. The Supreme Court denied the petition. The City still refused to comply with the January 8 order. On May 8, 1974 the parties again appeared before the Judge of Industrial Claims on the question of the City’s non-compliance. The Judge on September 5- enteréd an order directing the City to pay Mrs. Olson the workmen’s compensation benefits plus interest and attorney’s fees without taking a credit or set-off from pension fund payments. The City resisted and Mrs. Olson filed application for rule nisi to enforce the September 5 compensation order. The trial judge found that the denial of certio-rari by the Florida Supreme Court constituted a finding that the Industrial Relations Commission had acted strictly in accordance with law in affirming the January 8, 1973 order of the Judge of Industrial Claims and entered final judgment granting rule nisi. The City appeals the judgment and basically contends the denial of certiorari by the Supreme Court was not an adjudication on the merits, and the administrative agencies had no jurisdiction over the' issue of whether it could deduct workmen’s compensation benefits from a municipal pension.
It is now established that in reviewing workmen’s compensation orders, a denial of certiorari by the Florida Supreme Court constitutes a finding that the Industrial Relations Commission has acted strictly in accordance with law or has not departed from the essential requirements of law. See Knight v. Munday Plastering Company, Fla.1969, 220 So.2d 357; Scholastic Systems, Inc. v. LeLoup, Fla. 1974, 307 So. 2d 166; Colvin v. State, Department of Transportation, Fla.1975, 311 So.2d 366.
Implicit in the denial by the Florida Supreme Court of the City’s petition for writ of certiorari was the finding that the Industrial Relations Commission acted strictly in accordance with the law. In other words, the Supreme Court determined that the Industrial Relations Commission had not exceeded its jurisdiction and was correct in entering its June 21, 1973 order affirming the January 8 order of the Judge of Industrial Claims.
Accordingly, we affirm the final judgment granting rule nisi.
Affirmed.

. Payable at the rate of $56 per week commencing on June 4, 1&71 and to continue until such time as the entire $13,500 amount is paid in full.

. “(4) When any employee of the state or of any political subdivision thereof or of any public or quasi-public corporation therein, or any person entitled thereto on account of dependency upon such employee, receives compensation under the provisions of this chapter by reason of the disability or death of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee or dependent is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pensior *>r benefit payment allocable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment al-locable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.”