419 So.2d 360 (1982)
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Appellant,
v.
Samuel BLACKSTOCK, Appellee.
No. AF-230.
District Court of Appeal of Florida, First District.
September 10, 1982.
*361 Charles A. Williams of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
Mark L. Zientz, Williams & Zientz, Coral Gables, for appellee.
LARRY G. SMITH, Judge.
This is the second time the deputy commissioner has awarded claimant temporary and permanent compensation benefits based upon his determination that the employer's payments to claimant were pension benefits and did not constitute payment of worker's compensation benefits. The deputy's previous award was reversed by the Industrial Relations Commission (IRC), the IRC finding that the evidence showed claimant had been paid compensation benefits due. Southern Bell Telephone & Telegraph Company v. Blackstock, IRC Order 2-3395 (April 11, 1978), cert. den. 368 So.2d 1362 (Fla. 1979). On June 11, 1979, a petition for modification was filed based upon a mistake in fact and/or a change in condition; or, in the alternative, a claim for benefits under the provisions of Sections 440.15 and 440.13, Florida Statutes. Again, the deputy commissioner entered an order finding that claimant had not been paid the compensation benefits he was entitled to. Again, the order of the deputy commissioner must be reversed.
In his initial order, the deputy commissioner relied on his examination of claimant's pay stubs and certain arithmetical computations in arriving at the conclusion that claimant had been paid pension and other benefits and not the workers' compensation benefits which he was due. The deputy commissioner ruled that Southern Bell was improperly taking a credit against workers' compensation benefits in the amount of the pension benefits which claimant received, which is in violation of the holding in Domutz v. Southern Bell Telephone & Telegraph Company, 339 So.2d 636 (Fla. 1976). In so ruling, the deputy commissioner ignored the evidence that claimant has never received a pension, but has in fact received supplemental benefits every two weeks in an amount which, added to his workers' compensation benefits, was equal to one-half of his regular salary.[1] The IRC rejected the deputy commissioner's reliance on the pay stubs and arithmetical computations as the basis for the finding that the bi-weekly payments represented pension payments only, and instead determined that the evidence showed that compensation *362 payments had in fact been made as compensation payments and not as pension benefits. The IRC noted that unlike the factual circumstances present in Domutz, there was a complete absence of any evidence in the record that claimant was entitled to pension benefits in a specified amount which together with the proper compensation rate would aggregate less than the average weekly wage. In his second order, which we are here being called upon to review, the deputy commissioner found that pursuant to the union contract,[2] claimant has a vested entitlement to pension benefits equal to one-half his regular salary ($230.45), which examination of claimant's bi-weekly pay stubs showed was being paid and that none of the sum of $230.45 constituted payment of worker's compensation benefits. Accordingly, claimant, who was stipulated to be permanently and totally disabled, was ordered entitled to temporary total disability benefits until February 13, 1976, the date of maximum medical improvement, and permanent total disability benefits thereafter.
Initially, we note that claimant abandoned his contention that he was seeking a petition for modification at the hearing held on October 1, 1980 and instead asserted that he was bringing a new claim in this action. However, on appeal, claimant appears to urge a contrary intention. In his brief, claimant argues that the IRC determined the deputy had made a mistake of fact in his initial order and therefore a petition for modification was properly filed in order to bring to the deputy's attention evidence showing claimant's entitlement to pension benefits in a specific amount. We disagree. The IRC determined that the deputy commissioner made findings of fact contrary to the evidence presented, found that the evidence presented required a ruling on the merits in favor of the employer, and ordered the dismissal of the employee's claim.
Claimant misapprehends the scope of a petition for modification. Section 440.28, Florida Statutes, authorizing a petition for modification when there has been a mistake of fact,[3] was not intended to afford claimant a vehicle to relitigate an identical issue which has been previously determined solely upon an increase in the quantum and probative force of evidence in support of a conclusion contrary to that reached by prior determination. Hall v. Seaboard Maritime Corporation, 104 So.2d 384 (Fla. 1st DCA 1958). In limited situations, a petition based upon mistake of fact may be brought when material evidence which adds something new becomes available after entry of an order, and this evidence could not have been discovered at the time of the original hearing and entry of the earlier order. Hughes v. Denny's Restaurant, 328 So.2d 830 (Fla. 1976); Rush Tractor Company, Inc. v. Keene, IRC Order 2-3298 (1977). However, evidence which is merely cumulative to that previously offered upon an identical issue and which adds nothing new is insufficient to show a mistake of fact. Here, the evidence offered before the deputy commissioner was merely cumulative and no new evidence which was not available at the time of the initial order was presented.[4] Accordingly, there was absolutely no basis upon which the deputy commissioner could grant a petition for modification.
Since there was no basis for modification, the IRC Order, as approved by the Supreme Court,[5] is final and governs the *363 resolution of all issues addressed in the prior proceeding. While claimant alleges that he brought a "new claim" below, there were no new issues presented to the deputy commissioner. Instead the deputy commissioner permitted claimant to relitigate the identical issue which had been resolved by the prior order of the IRC. As appellant has aptly demonstrated, the deputy commissioner's order is nothing more than a rewrite of his initial order which was reversed by the IRC. The principles of res judicata, estoppel and law of the case apply in worker's compensation to prevent just such a result. Hodges v. State Road Department, 171 So.2d 523 (Fla. 1965); and Power v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla. 1960).
Accordingly, the order on appeal is reversed and the cause remanded with directions that the claim be dismissed.
MILLS and SHAW, JJ., concur.
NOTES
[1] The record in the initial proceeding, as determined by the IRC, showed a gross amount paid every two weeks of $230.45 (one-half of the claimant's regular salary), during periods of both temporary total and permanent total disability. The record further showed that of the gross amount paid during temporary total disability the sum of $112.00 every two weeks was for workers' compensation and $118.45 for supplemental benefits. During permanent total disability, $145.60 was for workers' compensation, and $84.85 for supplemental benefits.
[2] There is no union contract contained in the Record on Appeal. Presumably, the deputy was relying on Southern Bell's Employees' Pensions, Disability Benefits and Death Benefits Plan, a copy of which is contained in the Record on Appeal and which the evidence shows is negotiated as part of the union contract.
[3] We do not discuss the law applicable to a petition based upon change of condition as there is no contention here that claimant has suffered a change in condition nor does any evidence exist in the record supporting such contention.
[4] There is absolutely no contention and no evidence that the booklet outlining Southern Bell's Benefits Plan was not available at the previous hearing.
[5] In denying certiorari, the Supreme Court considered whether the Commission "acted strictly according to the law" and whether there was "substantial competent evidence" to support the commission order. Knight v. Munday Plastering Company, 220 So.2d 357 (Fla. 1968).