ERVIN, Judge,
Concurring and Dissenting.
I would affirm the deputy’s order in its entirety. I see no need to remand the case for a redetermination of a date subsequent to the original compensation order from *675 which a later order should be made effective. I would simply treat the order of June 2, 1980, finding claimant entitled to PPD benefits based upon an anatomical impairment of twenty-five percent, as a mistake of fact. Although this court’s earlier opinion remanded the cause to the deputy based upon a material change in claimant’s condition, Tucker v. Agrico Chemical Co., 476 So.2d 729 (Fla. 1st DCA 1986), we certainly did not preclude on remand the deputy’s right to decide whether the modification may have been the result of a mistake of fact. The deputy’s order, entered following remand, suggests that the former compensation order limiting claimant to PPD benefits may have been mistakenly entered. This would appear to be the implicit finding from the following portions of the deputy’s order:
Based on a review of all of the evidence in this case, and after considering each and every factor contained in Walker v. Electronic Products and Engineering Company, 248 So.2d 161 (Fla.1971), I find that there is competent substantial evidence to support a finding that the claimant is totally disabled from a loss of wage earning capacity standpoint. Based upon the claimant’s extreme physical limitations and pain, lack of education, limited vocational background, vocational potential, and based on my own observation of the claimant’s condition and his testimony during the hearing, I find that the claimant is not capable uninterruptedly to do even light work. The claimant is permanently and totally disabled from a loss of wage earning capacity standpoint as a result of the physical limitations caused by his industrial accident and injury of February 7, 1977. Therefore, claimant is entitled to permanent total disability benefits. The claimant reached maximum medical improvement on April 25, 1978. The employer/servicing agent is entitled to credit for permanent partial disability benefits paid subsequent to the date of maximum medical improvement. All benefits paid subsequent to that date should be reclassified to permanent total disability.
To support a modification on the ground of a mistaken determination of fact in the initial proceeding, a claimant must demonstrate an erroneous factual finding or conclusion drawn by the deputy from the evidence. Sauder v. Coast Cities Coaches, Inc., 166 So.2d 162 (Fla.1963). The mistake must be a factual error on the part of the deputy commissioner, rather than some error or omission that occurred during the original proceedings. Hohenstein v. Jim Wilson Construction Co., 451 So.2d 964 (Fla. 1st DCA 1984). Moreover, modification based upon a mistaken fact may be established when material evidence that adds something new becomes available after the entry of the former order, under circumstances showing that the evidence could not have been discovered at the time of the original hearing and entry of early compensation order; however evidence which is merely cumulative to that previously offered upon the same issue and which adds nothing new is insufficient to establish mistake of fact. Southern Bell Telephone & Telegraph Co. v. Blackstock, 419 So.2d 360 (Fla. 1st DCA 1982).
This court’s original opinion in Tucker cast considerable doubt upon the accuracy of the attending physician’s medical opinions, upon which the deputy had relied in basing the claimant’s impairment rating at twenty-five percent in 1980, and on which he later found appellant’s condition to be in 1984. Given the effect of the deputy’s order now on review, strongly suggesting that the original compensation order suffered from a defect in mistake of fact, I would affirm also the deputy’s determination that the modification be made effective from the original date of MMI, April 25, 1978, subject to a credit for all PPD benefits and PTD benefits previously paid by the carrier.
I would also observe that Section 440.28, Florida Statutes, relating to modification of compensation orders, permits the issuance of modified orders “which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation ... [A]nd [any] award increasing the compensation rate may be made effective from the date of the injury_” (e.s.) Clearly, then, section 440.28, in allowing a modified award to be made effective from the date *676 of injury, does not disallow a modified compensation award to be made effective from the original date of MMI, if the claimant can establish either change in condition, or a mistake in the factual determination earlier made.
The cases cited in the majority’s opinion are factually distinguishable from the case at bar, and do not necessarily preclude a modification of a former compensation order retroactive to the original determination of MMI. The point is that while an anatomical impairment rating may in fact remain unchanged, the rating is not dispos-itive of a determination of one’s entitlement to PTD, which depends also upon a showing of one’s loss of wage-earning capacity. The deputy’s earlier order, which in effect was a prediction of claimant’s future capability to perform in the labor market, was later found to be incorrect due to a steady and progressive decline in claimant’s physical condition, thereby preventing him from regaining his former status as a wage earner.
The progressive deterioration in claimant’s condition is a fact that obviously could not have been discovered at the time of the original compensation hearing and is evidence that was not merely cumulative to that first presented. The appellant should therefore not be penalized by having his MMI date readjusted because of the deputy’s original mistaken prediction of a wage-earning capacity.