PER CURIAM.
 

 In this workers’ compensation appeal, the Employer/Carrier (E/C) argues the Judge of Compensation Claims (JCC) erred granting Claimant’s Motion for Modification seeking a recalculation of compensation benefits owed to Claimant, and denying the E/C’s Motion to Dismiss. The JCC did not err in denying the E/C’s Motion to Dismiss, and that issue is af
 
 *904
 
 firmed without further comment. We agree the JCC erred in granting Claimant’s Motion for Modification and thus erred in awarding additional temporary benefits, and reverse that portion of the order on appeal.
 

 Background
 

 As a result of Claimant’s compensable physical injuries, he filed two petitions for benefits (PFBs) in 2006 and 2008 seeking determination of his average weekly wage/compensation rate (AWW/CR) and entitlement to temporary partial disability (TPD) benefits from July 15, 2006, to March 30, 2007. On September 24, 2008, the JCC entered a Merit Order determining Claimant’s AWW/CR and awarding TPD benefits. This court affirmed that order, without written opinion, in
 
 AMS Staff Leasing v. Giraldo,
 
 25 So.3d 1224 (Fla. 1st DCA 2009).
 

 In September 2010, Claimant filed a Motion for Modification of the Merit Order alleging the JCC mistakenly determined the following facts:
 

 Claimant was paid $500.00 per week by the Employer in lieu of compensation benefits for the period 7/15/06 through 11/22/06; that $500.00 should be deducted from the compensation rate of $683.00; and that the Carrier shall therefore pay $183.00 per week in compensation benefits to Claimant for said period.
 

 Claimant alleged that, although the E/C issued Claimant six checks for $500 less taxes for the time period October 18, 2006, to November 22, 2006, Claimant never obtained the checks. Consequently, Claimant sought to have the Merit Order modified to state that the E/C owed and shall pay compensation benefits to Claimant .in the amount of $683 per week for the disputed period.
 

 The JCC found that Claimant presented evidence to support his claim for modification based upon facts the JCC had previously overlooked in determining the amount of compensation benefits owed in the September 2008 Merit Order. Specifically, Claimant cited to deposition testimony of the E/C’s representative who testified that Claimant had not received payment in the amount of $500 as stated in the Merit Order. Based upon this error, the JCC modified the Merit Order as follows:
 

 [Compensation benefits shall be paid to the Claimant from 10/18/06 through 11/22/06 at the rate of $683.00 a week rather than at $183.00 a week due to a mistake of fact as to the amount of wages paid to Claimant by the Employer for those weeks.
 

 Analysis
 

 The applicable statute, section 440.28, Florida Statutes (2006), provides:
 

 Upon a judge of compensation claims’ own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the judge of compensation claims may, at any time prior to 2 years after the date of the last payment of compensation pursuant to the compensation order the party seeks to modify ... review a compensation case ... and ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
 

 The modification statute is not intended to afford a claimant or an employer an opportunity to re-litigate an issue that has been previously determined solely because of an increase in the quantum and probative force of evidence in support of a conclusion contrary to that reached in the prior determination.
 
 Smith v. Polk County Bd. of Comm’rs,
 
 843 So.2d 321, 327 (Fla. 1st DCA
 
 *905
 
 2003). Nevertheless, in limited situations, a petition based upon a mistake in a determination of fact may be brought when material evidence that adds something new becomes available after the entry of the order, which could not have been discovered at the time of the original proceeding and entry of the original order.
 
 Id.; see S. Bell Tel. & Tel. Co. v. Blackstock,
 
 419 So.2d 360, 362 (Fla. 1st DCA 1982) (holding no basis for modification where evidence offered was merely cumulative and no new evidence which was not available at time of initial order was presented). Evidence that is merely cumulative to the evidence previously offered upon an identical issue and that adds nothing new is insufficient to show a mistake of fact.
 
 Smith,
 
 843 So.2d at 327.
 

 Here, although Claimant failed to present any new evidence during the 2011 motion hearing, the JCC granted Claimant’s Motion for Modification, stating in the final order that Claimant had presented the evidence required to be shown in support of his claim for modification of the 2008 Merit Order. In the final order, the JCC acknowledged her reliance upon facts “overlooked” in the 2008 Merit Order. At the time of the 2008 Merit Order, both parties were aware that Claimant had failed to pick up his weekly paychecks for the period from October 18, 2006, to November 22, 2006. In the original proceeding, the JCC accepted the deposition testimony of the E/C’s representative, who testified that Claimant never picked up his weekly paychecks for the period at issue. The JCC further acknowledged that any mistake of fact in calculating benefits owed to Claimant took place when the 2008 Merit Order was entered. Because Claimant’s evidence in support of his claim for modification was previously offered and available at the time of the original proceeding and entry of the original order, Claimant’s evidence was insufficient to show a mistake of fact.
 
 Smith,
 
 843 So.2d at 327. Claimant’s proper remedy was to file a Motion for Rehearing pursuant to Florida Administrative Code Rule 60Q-6.122 at the time of the 2008 Merit Order. Accordingly, we reverse the JCC’s modification of the 2008 Merit Order, awarding Claimant additional temporary benefits and resulting interest.
 

 AFFIRMED in part, and REVERSED in part.
 

 VAN NORTWICK, LEWIS, and SWANSON, JJ„ concur.